METROPOLITAN LIFE INSURANCE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7257.    Promulgated October 22, 1927.

> Petitioner claims as a deduction an amount representing the fair rental value of space in a building owned by it and occupied in connection with its investment department. *Held*, that the deduction claimed is not allowable under section 245(a)(5) of the Revenue Act of 1921 even though the rental value of the entire space occupied by it was returned by the petitioner as income.

*Leroy A. Lincoln, Esq.*, for the petitioner.
*Thomas P. Dudley, Jr., Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax asserted by the Commissioner for the calendar year 1921 in the amount of $8,413.74.

Only that portion of the deficiency is in controversy which arises from the disallowance by the Commissioner of a deduction from gross income under the heading of "investment expenses" of the sum of $82,644.96, representing "rents charged to home office suites." The facts have been stipulated by the parties.

### FINDINGS OF FACT.

Petitioner is a mutual life insurance company organized under the laws of the State of New York with its principal office in New York City.

In its return for the taxable year 1921 it included in gross income the rental value of space occupied by it in buildings owned by it amounting to $2,085,217.59, said sum being a part of the larger sum of $3,816,092.29 appearing on its income-tax return as rents received. Petitioner in its return deducted from gross income taxes and other expenses with respect to real estate owned by it and also a reasonable allowance for depreciation on buildings, in accordance with paragraphs (a)(6) and (a)(7) of section 245 of the Revenue Act of 1921.

Petitioner in its income-tax returns for the taxable year deducted $690,841.29 as being "investment expenses." The Commissioner conceded the deductibility of $608,196.33 as representing investment expenses, which amount included expenses for clerk hire, taxes, etc., and a portion of the salary of certain officers and employees of the taxpayer allocated to investment expenses in proportion to the time and efforts of each such officer and employee devoted to matters of investment. Included in the total sum deducted by petitioner in its income-tax return as investment expense was the item of $82,644.96, which sum represented in part an allocation to investment expenses of the rental value of all space occupied by the officers and employees of petitioner whose time and efforts were devoted to matters of investment, such allocation being in the same proportion as the allocation of the salaries of the officers and employees, and the balance of the sum of $82,644.96 represented the rental value of space used as a coupon room and vault and as a bond and mortgage vault and the rental value of space occupied by the employees of the loan division of petitioner's office, all having to do entirely with investments of the petitioner.

The Commissioner disallowed as a deduction from gross income the sum of $82,644.96 so sought to be deducted.

### OPINION.

ARUNDELL: The petitioner having returned as a part of its gross income $2,085,217.59, representing the rental value of space occupied by it in buildings owned by it, now seeks to deduct as a part of its investment expenses the rental value of all space occupied in connection with its investment department.

The Revenue Act of 1921 provides a method of taxing life insurance companies differently from that applicable to ordinary commercial enterprises. Section 244(a) states that the term "gross income" in

the case of a life insurance company means "the gross amount of income received during the taxable year from interest, dividends, and rents." Section 245 of the same Act provides for certain deductions in determining net income, among which is a deduction contained in subdivision 5, which reads as follows:

- Investment expenses paid during the taxable year: *Provided,* That if any general expenses are in part assigned to or included in the investment expenses, the total deduction under this paragraph shall not exceed one-fourth of 1 per centum of the book value of the mean of the invested assets held at the beginning and end of the taxable year.

The sole reason assigned by the Commissioner for disallowing the claimed deduction is that the sum of $82,644.96 was not "paid" within the meaning of the above provision. While conceding that no money actually changed hands on account of the occupation of the premises by petitioner's officers and departments having to do with investment matters, petitioner nevertheless urges that inasmuch as the total rental value of said premises, including the rental value of the portion of the premises occupied by its investment business, was included in gross income and became subject to tax, the portion thereof attributable to investment expenses was "paid" in the same sense that the total amount was "received" so as to be included in gross income under the terms of section 244 (a).

The statute does not require that petitioner shall return as a part of its gross income the rental value of the space occupied by it but merely conditions certain deductions upon the inclusion in income of the rental value of the property so occupied. Thus, the deduction found in paragraph (6) of section 245 (a) covering "taxes and other expenses paid during the taxable year exclusively upon or with respect to the real estate owned by the company * * *" and the deduction found in paragraph (7) which permits a "reasonable allowance for obsolescence," are not permitted unless the rental value of the space occupied is returned as income. Section 245 (b) which governs this phase of the matter provides as follows:

(b) No deduction shall be made under paragraphs (6) and (7) of subdivision (a) on account of any real estate owned and occupied in whole or in part by a life insurance company unless there is included in the return of gross income the rental value of the space so occupied. Such rental value shall be not less than a sum which in addition to any rents received from other tenants shall provide a net income (after deducting taxes, depreciation, and all other expenses) at the rate of 4 per centum per annum of the book value at the end of the taxable year of the real estate so owned or occupied.

The deductions allowed by paragraphs (6) and (7) of section 245 (a) are conditioned upon the inclusion in gross income of the rental value of the space occupied. There are nine paragraphs under section 245 (a). Of those nine only two, namely paragraphs

6 and 7, relate to deductions for real estate. Hence, they alone needed mention in section 245(b). The implication is that had there been an intent to allow such deduction as is here claimed it would have been mentioned in connection with those specifically provided for and that there was no purpose to allow any other. *Expressio unius est exclusio alterius.*

Section 200 of the Revenue Act of 1921 states that the term " paid " for the purpose of deductions and credits under the title of the act we are here considering means " paid or incurred " and " paid or accrued " in accordance with the method of accounting upon the basis of which the net income is computed. That the amount sought to be deducted was not in fact paid is not disputed, nor was there any liability to pay which would permit of the accrual of the item as an accrued expense. Deductions from income are purely statutory and can not be allowed unless they meet the test of the statute. That the item sought to be deducted is not one allowed by the statute we think is self-evident. The inclusion in income of the rental value of the space occupied by petitioner being purely optional, we must assume petitioner exercised its option in the way it did because of corresponding advantages which flowed from that course. Certain it is that such inclusion did not serve to permit the additional deduction now sought.

*Judgment will be entered for the respondent.*

Considered by LANSDON, STERNHAGEN, and GREEN.