MIDLAND NATIONAL LIFE INSURANCE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28890. Promulgated February 19, 1930.

*John B. Hanten, Esq.*, for the petitioner.
*F. R. Shearer, Esq.*, for the respondent.

OPINION.

TRUSSELL: The record made in this case satisfactorily establishes that during the year 1924 the petitioner suffered losses represented by certificates of deposits in several banks which closed and whose liquidation began in that year, and whether such losses may properly be classified as debts ascertained to be worthless and charged off in the taxable year (cf. *Egan & Hausman Co.*, 1 B. T. A. 556) or as capital losses (cf. *United States* v. *White Dental Mfg. Co.*, 274 U. S. 398), we are satisfied that the losses as set forth in the findings of fact herein were sustained, charged off and subject to deduction from gross income under the provisions of section 234 of the Revenue Act of 1924, in the event that such provisions could be held applicable to the making of income-tax returns by this petitioner.

This petitioner, however, made its tax return for the year 1924 and computed its gross income and deductions in accordance with sections 242 to 245, inclusive, of the Revenue Act of 1924. It now claims that although there is no provision in section 245 providing for the deduction of bad debts or losses, it is nevertheless entitled to such deductions under the general provisions contained in section 234, and the respondent denies that petitioner is entitled to such deductions, and thus is submitted the one issue for our decision.

Questions involving the taxation of life insurance companies for 1921 and subsequent years have heretofore been before the Board in *Metropolitan Life Insurance Co.*, 8 B. T. A. 938; *John Hancock Mutual Life Insurance Co.*, 10 B. T. A. 736; *Midland National Life Insurance Co.*, 14 B. T. A. 200, and *Independent Life Insurance Co. of America*, 17 B. T. A. 757. The Supreme Court has had like questions before it in *National Life Insurance Co.* v. *United States*, 277 U. S. 508; 48 Sup. Ct. 591, but the particular issue here submitted, although contained in *Midland National Life Insurance Co.*, *supra*, has not heretofore been passed upon.

In the Revenue Acts of 1913, 1916, and 1918, there were a number of provisions peculiarly applicable to life insurance companies. None of said acts undertook to make a complete differentiation between life insurance companies and other business corporations. However, in the Revenue Act of 1921, in sections 242 to 245, inclusive, Congress appears to have intended to segregate life insurance companies into a class by themselves as differentiated from general business corporations and other insurance companies, and the provisions contained in the last-named sections of the Act of

1921 have been reenacted in the Acts of 1924, 1926, and 1928, without substantial change. The instant case falls under the provisions of the Revenue Act of 1924, in which gross income is defined—

SEC. 244. (a) In the case of a life insurance company the term "gross income" means the gross amount of income received during the taxable year from interest, dividends, and rents.

Net income is defined—

SEC. 245. (a) In the case of a life insurance company the term "net income" means the gross income less  *  *  *.

Following the above, section 245 contains nine specific provisions for deductions from gross income of life insurance companies. Paragraph (1) provides for the deduction of exempt interest and is comparable to the provision of section 213 (a) (4), where it is provided that such interest may be excluded from gross income. Paragraphs (2) and (4) provide for certain specific deductions which are peculiar to insurance companies and there are no relative provisions in those portions of the Act applicable to general business corporations. Paragraph (3) provides for the deduction of dividends and is comparable to the provision in section 234 (a) (6). Paragraph (5) provides for the deduction of investment expenses and is comparable to section 234 (a) (1). Paragraph (6) provides for the deduction of taxes and is comparable to section 234 (a) (3). Paragraph (7) provides for an allowance for the exhaustion, wear and tear of property and is comparable to section 234 (a) (7). Paragraph (8) provides for the deduction of interest paid or accrued and is comparable to section 234 (a) (2). Paragraph (9) provides in certain cases for a deduction of the sum of $2,000, and is comparable to the provision contained in section 236 for a credit of $2,000 in certain cases. It will be observed that in comparing this section 245 with section 234, applicable to general business corporations, there are three specific paragraphs of said section 234—paragraph (4), providing for losses sustained during the taxable year and not compensated for by insurance or otherwise; paragraph (5), providing for debts ascertained to be worthless and charged off within the taxable year; and paragraph (8), providing a reasonable allowance for depletion, etc.—that are entirely omitted from section 245, which provides for deductions in the case of life insurance companies.

It is here argued by counsel for petitioner that inasmuch as section 245 is silent on the subject of losses and bad debts, petitioner is entitled to claim such losses by virtue of the provisions contained in section 234.

Although the petitioner's case, as presented by this record, presents a strong appeal, especially in view of the unusual business con-

ditions under which its losses were sustained, we are not persuaded that the omission to provide for the deduction of losses and bad debts or depletion in the sections applying to life insurance companies was the result of inadvertence on the part of Congress, and the fact that these provisions have been three times reenacted without substantial change in this respect leads us to the conclusion that Congress intended that section 245 should and did contain all the necessary deductions from the specially defined income of a life insurance company which were necessary and equitable.

It is unquestionably within the power of Congress to segregate corporations into two or more classes for the purpose of levying and collecting income taxes. In *Barclay & Co.* v. *Edwards*, 267 U. S. 442, the court said:

The power of Congress in levying taxes is very wide and where a classification is made of taxpayers that is reasonable, and not merely arbitrary and capricious, the Fifth Amendment cannot apply.

Again, in the case of *Penn Mutual Life Insurance Co.* v. *Lederer*, 252 U. S. 523, the Supreme Court in considering an insurance tax case, said, on page 533:

\* \* \* The fact that in three separate clauses three different rules are prescribed by Congress for the treatment of redundant premiums in the three classes of insurance, would seem to be conclusive evidence that Congress acted with deliberation and intended to differentiate between them in respect to income taxation.

Following this reasoning, may it not be properly said of the Revenue Act of 1924, where Congress prescribed different rules for determining the gross income and the net income, first, of general business corporations, second, of life insurance companies, and, third, of other insurance companies, that it " would seem to be conclusive evidence that Congress acted with deliberation and intended to differentiate between them in respect to income taxation," making different rules in each class for the computation of gross income and for the allowable deductions therefrom? Such a classification seems to have been made in the Revenue Acts of 1921 and 1924 and in subsequent acts. Although, in the case of life insurance companies the denial of the deductions for losses such as those sustained by the petitioner may produce an apparent or an actual hardship as compared with general business corporations, we are of the opinion that neither this Board nor any administrative agency is granted authority to read into section 245 provisions there omitted, although like provisions are contained in section 234, and that no interpretative decision here could be permitted to bring about such a result.

Having reached the conclusion above set forth, we find that in the adjustment of its income-tax liability for the year 1924, the peti-

tioner may not have the benefit of a deduction for the losses herein referred to.

Reviewed by the Board.

*Judgment will be entered pursuant to Rule 50.*