JEFFERSON STANDARD LIFE INSURANCE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43199. Promulgated April 29, 1932.

*E. S. Parker, Jr., Esq.*, for the petitioner.
*John D. Foley, Esq.*, and *James C. Maddox, Esq.*, for the respondent.

1336

OPINION.

TRAMMELL: In its return the petitioner deducted the amount of $137,000 on account of injury or damages done to the McWilliams Plantation by the flood waters. It now contends that the loss sustained by it as a result of the flood was $114,250. The items and amounts upon which the petitioner bases its contention are as follows:

Loss from destruction of levee_____ $37,500
Loss from destruction of buildings_____ 35,000
Loss from damage to land—650 acres at $65 per acre_____ 42,250
                                                                                                                              114,750

At this point it is to be noted that the total of the items on which the petitioner bases its contention is $114,750 and not $114,250, the amount used in various places throughout the petitioner's brief as the amount of the deduction now contended for. The discrepancy between the amounts apparently is due to an error in addition on the part of the petitioner.

With respect to the amount of $37,500 claimed to represent a loss from the destruction of a levee, the facts show that there was a levee on the McWilliams Plantation when acquired by the petitioner and that a portion of the levee was maintained by the Yazoo & Mississippi Levee District and the other portion was maintained by the Ward Lake Levee District. The evidence fails to show whether the petitioner was the owner of the levee or whether it was the property of the levee districts. If the levee was the property of the levee districts, clearly the petitioner could not claim as a deduction a loss

resulting from its destruction. Being unable to determine from the record who the owner of the levee was, the petitioner's contention with respect to this item must be denied.

There remains for determination the question of whether the petitioner is entitled to a deduction for loss from the destruction of the buildings and the damage to the 650 acres of land. The petitioner contends that, having established that the buildings destroyed had a value of $35,000 at the time destroyed and that the 650 acres of land had a value of $65 per acre less after being flooded than before, it is entitled to deduct as a loss the amounts of $35,000 and $42,500. The respondent contends that since the petitioner is a life insurance company taxable under the provisions of sections 242 to 245, inclusive, of the Revenue Act of 1926, and since those sections of the act contain no provision with respect to the allowance of a loss sustained on property owned by such a company, the petitioner is not entitled to the loss here involved. The respondent also relies on our decision in *Midland National Life Insurance Co.*, 18 B. T. A. 1240.

In *Midland National Life Insurance Co.*, *supra*, the petitioner, a life insurance company, during 1924 sustained losses resulting from the failure and insolvency of several banks in which it had cash deposits represented by certificates of deposit. We there held that in computing its net income the petitioner was not entitled to deduct such losses since the provisions of sections 242 to 245, inclusive, of the Revenue Act of 1924, under which the petitioner's income-tax liability was to be computed, did not include any provision for the deduction of bad debts or losses.

Sections 242 to 245, inclusive, of the Revenue Act of 1926, which are applicable to the taxable year here involved, are substantially the same as those sections of the Revenue Act of 1924. Those sections, like the same sections in the 1924 Act, do not contain any provision for the deduction of losses. This being true, we think our decision in *Midland National Life Insurance Co.*, *supra*, is applicable and controlling here. The petitioner's contention is therefore denied.

In its brief the petitioner concedes that its contention for the allowance of the loss here involved is contrary to our decision in *Midland National Life Insurance Co.*, *supra*, but urges that to disallow the loss would result in levying a tax on an income which does not exist and that such tax is unconstitutional. We are not convinced, however, that Congress did not have the power in levying taxes to make the classification which it did and to treat insurance companies differently from other corporations. See *Barclay & Co.* v. *Edwards*, 267 U. S. 442. Certain income was omitted from the

tax as well as certain deductions allowable to other corporations in computing net income.

The petitioner further contends that the amount determined by the respondent as rentals to be reported by it from the home office building should be reduced by $11,596.98, and in support of this contention relies on our decision in *Independence Life Insurance Co. of America*, 17 B. T. A. 757.

During the taxable year the petitioner received rents amounting to $226,262.73 from tenants who occupied a portion of the home office building. For the purpose of allowing as deductions depreciation and other expenses incurred in operating the building the respondent, pursuant to the provisions of section 245 (b) of the Revenue Act of 1926, determined that the amount to be included in the petitioner's income as rentals from the home office building was $237,859.71, or $11,596.98 in excess of the amount of rents actually received by the petitioner. Such excess amount was the rental value of the space occupied by the petitioner as computed by the respondent under the provisions of section 245 (b).

Among the deductions provided in section 245(a) of the Revenue Act of 1926 are the following:

(6) Taxes and other expenses paid during the taxable year exclusively upon or with respect to the real estate owned by the company, not including taxes assessed against local benefits of a kind tending to increase the value of the property assessed, and not including any amount paid out for new buildings, or for permanent improvements or betterments made to increase the value of any property. * * *

(7) A reasonable allowance for the exhaustion, wear and tear of property, including a reasonable allowance for obsolescence.

Paragraph (b) of section 245 provides:

No deduction shall be made under paragraphs (6) and (7) of subdivision (a) on account of any real estate owned and occupied in whole or in part by a life insurance company unless there is included in the return of gross income the rental value of the space so occupied. Such rental value shall be not less than a sum which in addition to any rents received from other tenants shall provide a net income (after deducting taxes, depreciation, and all other expenses) at the rate of 4 per centum per annum of the book value at the end of the taxable year of the real estate so owned or occupied.

In *Independence Life Insurance Co. of America, supra*, we considered the validity of section 245 (b) of the Revenue Acts of 1921 and 1924, which is identical with section 245 (b) of the 1926 Act quoted above. In that case we held invalid the requirement that no deduction shall be made of taxes, expenses and depreciation in respect of real estate occupied by the owner unless the rental value of such real estate be included in gross income in computing taxable net income. For the same reasons set forth in our opinion in that case,

we think the identical requirement contained in section 245 (b) of the Revenue Act of 1926 is also invalid. The contention of the petitioner is accordingly sustained. See *Reserve Loan Life Insurance Co.*, 18 B. T. A. 359; petition for review dismissed by Circuit Court of Appeals, Seventh Circuit, January 12, 1932.

The pleadings raise certain issues with respect to the respondent's determination of the book value of the petitioner's home office building for the purpose of computing under the provisions of section 245 (b) the rental value to be included in gross income of the space occupied by the petitioner. In view of our holding above with respect to the requirements of this section, these issues become moot questions and it is not necessary for us to decide them.

*Judgment will be entered under Rule 50.*