ROCKFORD LIFE INSURANCE CO. *v.* COMMIS-
SIONER OF INTERNAL REVENUE.

No. 722. Argued April 4, 1934.—Decided May 21, 1934.

*Mr. Wm. Marshall Bullitt* for petitioner.

*Solicitor General Biggs,* with whom *Assistant Attorney
General Wideman* and *Messrs. James W. Morris, J. Louis
Monarch,* and *H. Brian Holland* were on the brief, for
respondent.

MR. JUSTICE BUTLER delivered the opinion of the Court.

This case involves the validity of a deficiency assess-
ment of 1929 income taxes made under the Revenue Act
of 1928. Section 202 defines gross income to be that re-

ceived from interest, dividends and rents. Section 203 (a) defines net income to be the gross less specified deductions including (5) "investment expenses," (6) " Taxes and other expenses paid during the taxable year exclusively upon or with respect to the real estate owned by the company . . ." and (7) "A reasonable allowance for the exhaustion, wear and tear of property, including a reasonable allowance for obsolescence." Subsection (b) provides no deduction shall be made under (a) (6) and (7) " on account of any real estate owned and occupied in whole or in part by a life insurance company unless there is included in the return of gross income the rental value of the space so occupied. Such rental value shall be not less than a sum which in addition to any rents received from other tenants shall provide a net income (after deducting taxes, depreciation, and all other expenses) at the rate of 4 per centum per annum of the book value at the end of the taxable year of the real estate so owned or occupied." 45 Stat. 842–844.

During 1929 petitioner owned a building all of which it used. It received $15 rent for use of the premises and in its return included that amount as a part of gross income. It did not add any sum on account of rental value of the building. Nevertheless, it deducted expenses chargeable to the building, amounting to $4,033.05. The commissioner disallowed the deduction. Petitioner also deducted from gross $1,783.02 to cover depreciation on all furniture and fixtures. The commissioner held the deduction allowable only in respect of such as were used in connection with the company's " investment business." That phrase may be taken to include activities relating to interest, dividends and rents constituting the income taxed as distinguished from its " underwriting business " which embraces its other activities. There being no allocation, the commissioner apportioned depreciation on the ratio of investment income, $123,248.44, to total income, $751,147.77. This reduced the deduction to $292.56.

These adjustments resulted in a finding of deficiency of $607.53. Following its earlier decisions, the Board of Tax Appeals held petitioner entitled to deduct expenses chargeable to the building and depreciation of all its furniture and fixtures. On that basis it found an overpayment of $750.05. The Circuit Court of Appeals reversed. 67 F. (2d) 213.

The ruling of the lower court disallowing deduction of expenses chargeable to the building is sustained on the authority of *Helvering* v. *Independent Life Ins. Co.*, decided this day, *ante*, p. 371.

The other question presented for decision is whether petitioner is entitled to deduct depreciation on all furniture and fixtures or only such part as fairly may be attributed to the income taxed. Petitioner raises no question as to the method employed for making the apportionment, but insists that the " reasonable allowance " granted by § 203 (a) (7) extends to all property and includes depreciation of all furniture and fixtures. It refers to the language of the corresponding provision in the Revenue Act of 1916 which permits deduction of "a reasonable allowance for the exhaustion, wear and tear of property *arising out of its use or employment in the business or trade* " and to similar language in the Revenue Act of 1918.[1] It emphasizes absence from the Act of 1921 and later ones of the words above italicized. It argues that the change of language, made applicable to life insurance companies, shows that Congress intended to permit them to deduct depreciation of all property without regard to its use. The constructions put upon provisions in measures that did not limit income to be taxed, as did later Acts, are of no value as guides to the meaning of the clause under consideration. In reason the cost

---

[1] The Revenue Act of 1916, § 12 (a), 39 Stat. 768. 1917, § 4, 40 Stat. 302. Revenue Act of 1918, § 234 (a) (7), 40 Stat. 1078.

of depreciation, like other items of expense to be deducted, ought to be limited to that related to the income taxed. Allowance of deduction of expenses incurred for the collection of premiums or in respect of other income not taxed would be hard to justify. In absence of specific declaration of that purpose, Congress may not reasonably be held to have intended by that means further to reduce taxable income of life insurance companies.

There is adequate evidence that Congress intended to limit deductions of expenses to those related to the taxed income. *Helvering* v. *Independent Life Ins. Co., supra.* In the reports of committees having in charge the Act of 1921 in which first appeared the language under consideration, § 203 (a) (7), it is said: " The proposed plan would tax life insurance companies on the basis of their investment income from interest, dividends, and rents, with suitable deductions for expenses fairly chargeable against such investment income." [2]   Section 203 (a) (5), by restricting deductions to investment expenses, indicates purpose to exclude those not related to investment income. Section 203 (b), by condition imposed, similarly restricts deductions of real estate expenses. The language under consideration opposes deduction of unrelated expenses and is in harmony with the construction for which the commissioner contends. The significance of the word " reasonable " qualifying allowance need not be limited to the amount to be ascertained. But having regard to the context and probable purpose of the provision it rightly may be construed to limit the ascertainment of depreciation to the property that is used in connection with the company's investment business. The construction put upon the statute by the Commissioner and Circuit Court of Appeals is sustained.                    *Affirmed.*

---

[2] 67th Congress, 1st Session, Senate Report No. 275, p. 20. See also House Report No. 350, p. 14.