SOUTHLAND LIFE INSURANCE COMPANY, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 28702, 31565, 41258, 55658, 63709.   Promulgated June 7, 1934.

*Robert Ash, Esq.*, for the petitioner.
*P. A. Bayer, Esq.*, for the respondent.

OPINION.

ADAMS: These proceedings, which were consolidated, involve deficiencies in income taxes for the years and amounts as follows:

| Docket No. | Year | Amount |
| --- | --- | --- |
| 28702 | 1925 | $304.14 |
| 31565 | 1926 | 1,251.32 |
| 41258 | 1927 | 1,778.36 |
| 55658 | 1928 | 5,284.14 |
| 63709 | 1929 | 7,637.41 |

The petitioner is a Texas corporation, having its principal place of business and its home office in Dallas, Texas.

The facts are stipulated and included herein by reference.

The stipulation of facts disposes of all the questions involved in these proceedings, except the following:

1. Should the rental value of space occupied by the petitioner in its home office building be included in income of the petitioner for income tax purposes?

2. In the event that such rental value should not be included in petitioner's income, should the expenses relating to the home office building be allowed as a deduction from income?

3. Is petitioner entitled to a deduction for depreciation on furniture and fixtures that were not used in its investment department?

4. Is the petitioner entitled to a deduction for the year 1928 of moneys advanced by it in prior years to tenants farming land owned by petitioner, which advances petitioner was unable to collect in the amount of $4,448.59?

For the taxable years 1925 to 1928, inclusive, petitioner included in taxable income the rental value of space occupied by it in its home office building, computed in accordance with section 245 (b) of the Revenue Act of 1926 and section 203 (b) of the Revenue Act of 1928. It now contends that the sums representing the rental value of space occupied by it in its office building were erroneously included in income for the respective years, since they do not represent income within the meaning of the Sixteenth Amendment. While the " rental value " of space occupied by petitioner does not constitute income within the meaning of the Sixteenth Amendment, *Eisner* v. *Macomber*, 252 U.S. 189; *Stratton's Independence* v. *Howbert*, 231 U.S. 399, 415, 417; *Doyle* v. *Mitchell Bros. Co.*, 247 U.S. 179; *McLaughlin* v. *Alliance Ins. Co.*, 286 U.S. 244, 249, 250, that fact does not dispose of the question before us.

This issue is controlled by the decision of the Supreme Court in *Helvering* v. *Independent Life Ins. Co.*, 292 U.S. 371, and must be decided adversely to petitioner's contention. There, it was contended that a tax on the " rental value " of the space occupied by the insurance company was a direct tax and void for lack of apportionment. In holding that the statute did not tax as income the rental value of the building used by the owner, or lay a direct tax thereon requiring apportionment, the Supreme Court said:

> The company is not required to include in gross any amount to cover rental value of space used by it, but in order that, subject to the specified limitation, it may have the advantage of deducting a part of the expenses chargeable to the building, it is permitted to make calculations by means of such an addition.

> \* \* \* \* \* \* \*

> Unquestionably Congress has power to condition, limit or deny deductions from gross income in order to arrive at the net that it chooses to tax. *Burnet* v. *Thompson Oil & Gas Co.*, 283 U.S. 301, 304. *Stanton* v. *Baltic Mining Co.*, 240 U.S. 103. *Brushaber* v. *Union Pacific R.R.*, *supra*, 23–24. It is clear that the provisions under consideration do not lay a tax upon respondent's building or the rental value of the space occupied by it or upon any part of either.

The petitioner, having claimed deductions for the years 1925 to 1928 for taxes, depreciation, and other expenses incident to its home office building, correctly included in income for those years the rental

value of the space occupied by it. Cf. *Rockford Life Ins. Co.* v. *Commissioner*, 292 U.S. 382. The petitioner agrees that the rental value of the space which it occupied for 1928 was $46,052, as determined by the respondent.

In its return for 1929 the petitioner did not include in income the rental value of the space which it occupied in its home office building, but did deduct from income depreciation, $8,626.52; taxes, $8,063.01; and expenses, $27,273.68. These deductions were properly disallowed by the respondent, since petitioner could not claim such deductions under the statute unless it included in income the rental value of the space it occupied in its office building. *Helvering* v. *Independent Life Ins. Co.*, *supra; Rockford Life Ins. Co.* v. *Commissioner*, *supra*.

In its income tax returns for the years 1927, 1928, and 1929 petitioner deducted depreciation on furniture and fixtures. This was allowed by the respondent in the notice of deficiency for the year 1927, and allowed only to the extent the assets were used in the investment department for the years 1928 and 1929. The respondent contends that depreciation is allowable only to the extent that the assets were used in the investment department, and that the net income for 1927 should be so adjusted. The method used by the respondent in computing depreciation on the assets used in the investment department is not in dispute, nor is the amount of the depreciation computed. This same question was before the Supreme Court in *Rockford Life Ins. Co.* v. *Commissioner*, *supra*. In holding that deductions for depreciation in the case of life insurance companies are limited to the depreciation of the assets used in the investment department, the Court said:

In reason the cost of depreciation, like other items of expense to be deducted, ought to be limited to that related to the income taxed. Allowance of deduction of expenses incurred for the collection of premiums or in respect of other income not taxed would be hard to justify. In absence of specific declaration of that purpose, Congress may not reasonably be held to have intended by that means further to reduce taxable income of life insurance companies.

There is adequate evidence that Congress intended to limit deductions of expenses to those related to the taxed income. *Helvering* v. *Independent Life Insurance Co.*, *supra*. In the reports of committees having in charge the Act of 1921 in which first appeared the language under consideration, § 203(a) (7), it is said: "The proposed plan would tax life insurance companies on the basis of their investment income from interest, dividends, and rents, with suitable deductions for expenses fairly chargeable against such investment income" (67th Congress, 1st Session, Senate Report No. 275, p. 20. See also House Report No. 350, p. 14). Section 203 (a) (5), by restricting deductions to investment expenses, indicates purpose to exclude those not related to investment income. Section 203 (b), by condition imposed, similarly restricts deductions of real estate expenses The language under consideration opposes deduction

of unrelated expenses and is in harmony with the construction for which the Commissioner contends.

On the authority of that case the contention of the respondent is sustained as to this issue.

Section 203 (a) (6) of the Revenue Act of 1928 provides for the deduction from gross income of "taxes and other expenses paid during the taxable year exclusively upon or with respect to the real estate owned by the company" in determining the "net income" of a life insurance company. Petitioner contends that the losses incurred by it from advances made to tenant farmers prior to the taxable year 1928 for living expenses, seed, plowing, etc., are deductible under this section of the statute as real estate expenses. With this contention we cannot agree. The facts as to these expenditures are not in dispute, and it is stipulated that they were made from time to time prior to January 1, 1928. It clearly appears that they were not expenses incurred in 1928, and, even if they were expenses incurred by petitioner on its farm lands, they could not be deducted in 1928.

Under the facts in the record it appears that these advances were in the nature of secured loans and petitioner foreclosed on its liens in 1928. The amount which it here seeks to deduct is the difference between the amount of the advances and the amount received on foreclosure. This amount represents a loss from advances and not real estate expenditures.

In *Midland Nat. Life Ins. Co.*, 18 B.T.A. 1240, we had before us the question as to whether a life insurance company could deduct losses resulting from the failure and insolvency of a bank. We there held that, since under the applicable sections of the Revenue Act of 1924 there was no provision for deductions on account of either bad debts or losses, the claim for such deductions must be rejected. See also *Jefferson Standard Life Ins. Co.*, 25 B.T.A. 1335.

The applicable sections of the Revenue Act of 1928 (sections 201–203, inclusive) are substantially the same as the corresponding sections of the Revenue Act of 1924, and contain no provision for the deduction of losses or bad debts. Because of the peculiar character of the life insurance business, Congress has provided a method of taxation different from that applied to other corporations; *Helvering* v. *Independent Life Ins. Co., supra*, and since it has made no provision for the deduction of losses or bad debts in computing the net income of life insurance companies, the contention of petitioner must be denied as to this issue.

Reviewed by the Board.

*Decision will be entered under Rule 50.*