## HELVERING, Commissioner of Internal Revenue, v. JEFFERSON STANDARD LIFE INS. CO.

### No. 3443.

Circuit Court of Appeals, Fourth Circuit.
June 28, 1934.

Helen R. Carloss, Sp. Asst. to Atty. Gen. (Sewall Key, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and James C. Maddox, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for petitioner.

Julius C. Smith, of Greensboro, N. C. (Smith, Wharton & Hudgins, of Greensboro, N. C., on the brief), for respondent.

Before PARKER and NORTHCOTT, Circuit Judges, and GLENN, District Judge.

### PER CURIAM.

This is a petition to review a decision of the Board of Tax Appeals, which held unconstitutional section 245 (b) of the Revenue Act of 1926, c. 27, 44 Stat. 9, 47 (26 USCA § 1004 (b), and, in redetermining the taxes of the Jefferson Standard Life Insurance Company for the year 1927, allowed deductions from the income of its office building on account of depreciation and expenses, notwithstanding its failure to include in its gross income the rental value of its office building computed in accordance with that section. It appears that during the year 1927, the company which was engaged in the life insurance business in Greensboro, N. C., owned an office building, a part of which it occupied itself, and part of which it rented to tenants. The book value of this building was $3,069,498.47. The company received as rents from tenants during the year the sum of $226,262.73. It incurred expense in connection with the building amounting to $80,645.77 and the depreciation thereon was $34,434. The question involved is whether the company can deduct this expense and depreciation from its gross income without accounting for the rental value of the building as income as provided by the section of the statute to which we have referred. The Board of Tax Appeals answered this question in the affirmative, on the ground that this section of the statute was unconstitutional; but, in view of the recent decision of the Supreme Court in Helvering v. Independent Life Ins. Co., 292 U. S. 371, 54 S. Ct. 758, 78 L. Ed. 1311, the decision of the Board must be reversed.

Reversed.