NORTH AMERICAN REASSURANCE COMPANY, PETITIONER, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 52674, 60678.   Promulgated August 14, 1934.

*William H. Hotchkiss, Esq.*, for the petitioner.
*I. Graff, Esq.*, for the respondent.

### OPINION.

LEECH: On January 5, 1934, the Board promulgated its opinion in these consolidated proceedings, reported at 29 B.T.A. 683, but the final decision has not been entered, due to the granting of a motion to withhold its entry pending the decision of the Supreme Court in the case of *Rockford Life Ins. Co.* v. *Commissioner*, 292 U.S. 382.

Respondent has now filed a motion for reconsideration and revision of the Board's opinion with respect to its holding that petitioner was entitled to a deduction for depreciation upon furniture and fixtures used in the underwriting, as well as the investment department, of its business. The hearing in the proceeding occurred January 16, 1933. On August 18, 1932, upon motion granted by this Board, respondent filed an amended answer herein, praying a specific increase in the deficiencies. Cf. *Cascade Milling & Elevator Co.*, 25 B.T.A. 946. Respondent now also moves that the Board grant that prayer. Such motion is well founded and, therefore, is hereby granted.

Under the cited decision of the Supreme Court in *Rockford Life Ins. Co.* v. *Commissioner, supra,* petitioner herein is not entitled to a deduction for depreciation on its furniture and fixtures used in the underwriting department of its business. Accordingly, our opinion heretofore promulgated is now modified to so hold.

The stipulation of facts in these proceedings, set out in our prior opinion, discloses that in determining the deficiencies in controversy, the respondent allowed for the years 1926 to 1928, inclusive, depreciation at the rate of 10 percent on the stipulated cost of all furniture and fixtures used in the business, and, further, that for

the year 1929, respondent allowed depreciation at the rate of 10 percent on the cost of furniture and fixtures used only in the investment department. The cost of the furniture and fixtures used only in the investment department for each of the years in controversy is stipulated. We now conclude that, in determining the deficiencies for the years 1926 to 1928, inclusive, respondent erred in allowing depreciation on furniture and fixtures used in petitioner's underwriting department, and that his prayer for an increase in the deficiencies for those years should be granted. Our prior opinion is, therefore, further modified to so hold.

*Decision will be entered under Rule 50.*