SAN JACINTO LIFE INSURANCE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 71143.   Promulgated October 23, 1934.

*Thomas Watters, Esq.*, for the petitioner.
*John D. Kiley, Esq.*, for the respondent.

### OPINION.

BLACK: In this proceeding the Commissioner has determined a deficiency against petitioner for the year 1930 of $1,392.29.

In the petition several errors have been assigned. These errors will be separately stated and ruled upon later in this opinion. An

agreed statement of facts has been filed, which is incorporated herein by reference. Only such part of the facts will be stated in this opinion as seems necessary to an understanding of the issues to be decided.

The petitioner was during the taxable year a corporation organized under and by virtue of the laws of the State of Texas, with its home office in the city of Beaumont, Texas.

It was a stock company doing business usual to that of a life insurance company operating on the legal reserve, level premium plan. The petitioner kept its books and records and filed its Federal income tax return on the basis of cash receipts and disbursements.

With these preliminary statements, we will now state and rule upon the issues as raised by the pleadings.

(a) Is the petitioner entitled to deduct depreciation upon furniture, fixtures, and equipment which it owned and used in its business, regardless of whether used in the production of underwriting or investment income, or is petitioner's deduction restricted in this respect to the ratio that investment income bears to gross income? The petitioner contends that it is entitled to a depreciation deduction on furniture and fixtures and equipment, regardless of the use to which the property is devoted, and that its deduction therefor is not restricted, as the respondent contends, to only so much of the whole amount of depreciation on these things as its investment income bears to gross income.

In *Rockford Life Insurance Co.* v. *Commissioner*, 292 U. S. 382, decided since briefs were filed in this proceeding, this issue was decided by the Supreme Court adversely to the contention of petitioner and in harmony with the contention made by respondent. On this issue respondent is sustained.

(b) The same depreciation question is raised with reference to automobiles owned by petitioner and used in its business in both the investment and underwriting departments. On this issue the determination of the respondent is sustained on the strength of the authority cited under (a).

(c) Is the petitioner entitled to a deduction from gross income for real estate taxes paid by it during the taxable year upon property which it had sold prior to the taxable year, but upon which it had incurred a liability for such taxes during the period of its ownership? On this point the facts have been stipulated as follows:

Prior to the taxable year 1929, the petitioner acquired a certain property located at the corner of Fannin and Orleans Streets, Beaumont, Texas, known as the San Jacinto Life Building. The building was owned by petitioner in fee simple from a date prior to the first of the taxable year 1929 to April 30, 1929. During the period from January 1 to April 30, 1929, the petitioner oc-

cupied a part of this building for home office purposes, and thereafter the petitioner occupied a part of said premises as a tenant only.

On April 30, 1929, the petitioner sold the property to the San Jacinto Building Company.

On January 1, 1929, state, county and municipal taxes were assessed against said property in the amount of $25,832.50 and became a lien thereon from and after the date of said assessment. No part of such taxes was assessed against local benefits of a kind tending to increase the value of said property. On January 30, 1930, petitioner paid said real estate taxes in the amount of $25,832.50.

Subsequently, to-wit, January 30, 1930, petitioner was paid the amount of $17,221.66 by the purchaser of the property, such payment being a sum equal to the ratable proportion of the taxes for the full year, based on the ownership of such property by the purchaser thereof, from May 1, 1929 to December 31, 1929.

Such payment was made in accordance with an agreement entered into at the time of the sale of said property by the petitioner and represented a part of the consideration agreed to be paid by the purchaser.

No part of said taxes above referred to has been allowed to the petitioner as deduction from gross income.

Respondent disallowed all of the $25,832.50 as a deduction, giving as a reason for his action, "The taxes in question are disallowed in accordance with the provisions of section 203 (b) of the 1928 Act." Section 203 (b) reads as follows:

(b) *Rental value of real estate.*—No reduction shall be made under subsection (a) (6) and (7) of this section on account of any real estate owned and occupied in whole or in part by a life insurance company unless there is included in the return of gross income the rental value of the space so occupied. * * *

With reference to the applicability of section 203 (b), petitioner says in its brief: "It is conceded that no rental income was reported from this building by the petitioner during the taxable year, for the very apparent reason that there was no such income, the property having passed out of the possession of the petitioner prior to the beginning of the taxable year."

We think petitioner's contention that it is entitled to a deduction for this $25,832.50 taxes paid in 1930 is untenable. It has been stipulated that petitioner did not include in its gross income for 1929 the rental value of the space which it occupied in said building during the period of time from January 1 to April 30, 1929. This fact will be found in the stipulation, paragraph 4, which we give under point (d) to be hereafter discussed.

It must be remembered that the deduction for real estate expenses, including taxes, provided by section 203 (a) (6) of the Revenue Act of 1928, when applied to a home office building owned by an insurance company, should be read in connection with section 203 (b), already quoted, which puts a limitation upon the allowance of these deductions. That limitation has been approved by the Supreme

Court in *Helvering* v. *Independent Life Insurance Co.*, 292 U. S. 371. Petitioner contends this limitation does not apply in the instant case because it had disposed of the building prior to January 1, 1930, the year in which the taxes in question were paid; it was not the owner of the building in 1930; and there was no rental value of space which it would be obliged to return as income before it could claim the benefit of the deduction for taxes and other real estate expenses provided by section 203 (a) (6).

This argument is not convincing. It is true that, under the laws of Texas, liability for city, school, state, and county taxes accrues against the owner of property on January 1 of each year and the taxpayer does not have to pay the taxes until prior to February 1 of the following year (*Texas Coca-Cola Bottling Co.*, 30 B. T. A. 736), but we do not see where that affects in any way the limitation provided by section 203 (b).

Suppose that while petitioner was the owner of this office building in 1929, occupying space in it for its own use, it had incurred certain liabilities for expenses in the upkeep and maintenance of the building, such for example as heating and lighting and had not paid these expenses until 1930, would it be contended that petitioner would be entitled to take a deduction for these expenses from 1930 gross income, notwithstanding it has been admitted that petitioner did not return as income the rental value of the space which it occupied during the time such expenses were incurred? We think not. And we think the same reasoning would apply as to taxes.

Petitioner urges in support of its contention our decision in *Missouri State Life Insurance Co.*, 29 B. T. A. 401, but we do not see where that case is in point. In the latter case we held that taxes which had accrued prior to the acquisition of the real estate by the insurance company but which were actually paid by the insurance company while it was the *owner* of the real estate in question, were not deductible because the taxes were not those of the insurance company but were the taxes of those who owned the land at the time the taxes accrued. If the taxes involved in the instant case were taxes on farm lands which petitioner owned in 1929, when the taxes accrued, but sold in that year, we think *Missouri State Life Insurance Co.*, *supra*, would be an authority in support of petitioner's contention that it is entitled to the deduction for taxes paid in 1930, notwithstanding it was no longer the owner of the property. The mere fact that it had sold the property and was no longer the owner of it in the year when the taxes were properly paid, would not deprive it of the deduction.

It would be sufficient to meet the measure of the statute if petitioner was the *owner* of the property at the time the tax liability legally accrued. Undoubtedly the same rule would apply to a home

office building owned by an insurance company in which it occupied space for its own use, if it were not for the limitation contained in section 203 (b). But, as already stated, we believe that section deprives petitioner of the deduction claimed. As to this issue, we sustain respondent.

(d) Is the petitioner entitled to a deduction from its taxable income for the year 1930 of the amount of a net loss sustained during the preceding taxable year? On this point the facts have been stipulated as follows:

1. It is agreed that the amount of "net loss" as shown by the return, being $30,654.26, should be reduced by deducting therefrom the sum of $2,813.03 received by petitioner in the taxable year 1929 as interest on tax-exempt securities and reported in Item 5 of said return.

2. It is stipulated and agreed that in the taxable year 1929, the petitioner owned certain furniture, fixtures, automobile and equipment costing $33,529.39, and used by the petitioner in the conduct of its business. On account thereof, the petitioner deducted as a part of Item 12 of its amended income tax return, "Exhibit A", the sum of $3,759.26 as depreciation thereon, of which amount the respondent has disallowed the sum of $3,175.86.

It is agreed that if the United States Board of Tax Appeals and/or the court should hold that the petitioner is entitled to depreciation on said furniture, fixtures, automobile and equipment, without regard to the department in which the said furniture, fixtures, automobile and equipment are used, then petitioner is entitled to deduct from gross income the full amount of $3,759.26, hereinabove referred to.

The ratio of petitioner's investment income to gross income for the taxable year 1929 was 18.12%, and it is agreed that if the United States Board of Tax Appeals and/or the court should hold that the petitioner is entitled to depreciation on said furniture, fixtures, automobile and equipment, only to the extent that such furniture, fixtures, automobile and equipment are used in the production of investment income, then, based upon such ratio, the petitioner's correct deduction from gross income for depreciation upon the said furniture, fixtures, automobile and equipment is the sum of $681.18.

3. As hereinabove set forth, under (c) above, the petitioner owned in fee simple during the period from January 1, 1929, to April 30, 1929, a certain office building in the city of Beaumont, Texas, which it occupied in part during such period for home office purposes. The book value of the said building on the date of sale, April 30, 1929, was the sum of $1,202,410.60.

4. It is stipulated and agreed that the rental value of the space occupied by petitioner was for the said period January 1, 1929, to April 30, 1929, the sum of $4,000.00. The petitioner did not, however, report in its amended income tax return, "Exhibit A", the rental value of the space it occupied in the amount of $4,000.00, as hereinabove set forth, although the petitioner did report as Item 3 of its amended income tax return, "Exhibit A", $33,564.16 as rents received from tenants.

5. It is agreed that in computing the "net loss" for 1929, the petitioner deducted from gross income, taxes in the sum of $23,533.50 and other real estate expenses in the sum of $22,154.71, being Items 10 and 11 of "Exhibit A". All of the said amounts pertained to and were disbursed in connection with the ownership of the said home office property. No part of the said taxes was assessed against local benefits of a kind tending to increase the value of the

property, and no part of the other real estate expenses was paid out for new buildings or for permanent improvements or betterments made to increase the value of the said property. The petitioner also deducted the sum of $9,827.79 as a part of Item 12 of "Exhibit A", representing the depreciation deduction upon said home office building.

6. It is agreed that if in order to be entitled to deductions on account of taxes, real estate expenses and depreciation, all in connection with its home office property and building, as hereinabove set forth, the petitioner must include in its return of gross income the rental value of the space which it occupied, and that such rental value shall not be less than a sum which in addition to rentals received from other tenants shall provide a net income (after deducting taxes, depreciation and all other expense) at the rate of four per centum per annum of the book value of the said building at the end of the taxable year, then it is agreed that the petitioner did not sustain a net loss in the year 1929 to carry forward into the taxable year 1930.

7. It is further agreed that if the petitioner is entitled to deduct from gross income in the year 1929 its disbursements on account of taxes, depreciation and other expense as hereinabove referred to, without reporting as income the rental value of the space which the petitioner occupied, computed as hereinabove set forth, then it is agreed that the petitioner's net loss for the taxable year 1929 to be carried forward into the year 1930 is the sum of $27,841.23; provided, however, that should the United States Board of Tax Appeals and/or the court hold that the petitioner is entitled to depreciation on furniture, fixtures, automobile and equipment, only to the extent that such said furniture, fixtures, automobile and equipment, are used in the production of investment income, then the net loss for the taxable year 1929 to be carried forward into the year 1930 is the sum of $24,763.15.

We hold that petitioner is not entitled to carry forward a "net loss" for the year 1929, because there was no net loss under the facts stipulated (see especially paragraph 6 of the above stipulation), when interpreted in the light of recent Supreme Court decisions. *Helvering* v. *Independent Life Insurance Co.*, *supra; Rockford Life Insurance Co.* v. *Commissioner*, *supra*.

(e) Is petitioner entitled to a deduction from taxable income in the amount of $3,000, which amount constitutes the specific exemption provided by section 203(a)(9) of the Revenue Act of 1928, for domestic life insurance companies?

It has been stipulated that the petitioner has not heretofore been allowed the specific exemption from net income of $3,000 which is allowed by section 203(a)(9) of the Revenue Act of 1928 to domestic life insurance companies whose net income (computed without the benefit of said section) is $25,000, or less. In the event that petitioner's net income for the taxable year as determined by a recomputation under Rule 50 is $25,000, or less (computed without the benefit of section 203(a)(9), then petitioner will be entitled to a specific exemption of $3,000 as provided by section 203(a)(9) of the Revenue Act of 1928.

Reviewed by the Board.

*Decision will be entered under Rule 50.*