## UNION CENT. LIFE INS. CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7140.

Circuit Court of Appeals, Sixth Circuit.

May 4, 1937.

Edward W. Merkel, of Cincinnati, Ohio (Frank F. Dinsmore, Charles Sawyer, Joseph C. Dinsmore, and Dinsmore, Shohl, Sawyer & Dinsmore, all of Cincinnati, Ohio, on the brief), for petitioner.

Edward H. Horton, of Washington, D. C. (Robert H. Jackson and Sewall Key, both of Washington, D. C., on the brief), for respondent.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

MOORMAN, Circuit Judge.

The petitioner is a legal reserve life insurance company organized under the laws of the state of Ohio. Prior to the taxing period here involved it invested a part of its reserve in mortgage loans on real estate. There were defaults on some of the loans, and the petitioner, in order to protect its investments, acquired the mortgaged properties. During the calendar years of 1927 and 1928, it sold some of the properties through real estate agents and paid them the usual commissions for their services. In making its income tax returns for those years, it deducted the amounts paid in commissions from its gross income. The deductions were disallowed by the Commissioner and deficiency taxes assessed. The Board of Tax Appeals sustained the action of the Commissioner and this petition for review followed.

Petitioner is taxable for income purposes under sections 242 to 245, inclusive, of the Revenue Act of 1926 (44 Stat. 47), and the corresponding provisions of sections 201 to 203, inclusive, of the Revenue Act of 1928 (26 U.S.C.A. §§ 201–203 and notes). These statutes allow deductions from gross income of investment expenses paid by the taxpayer during the taxable year. The petitioner contends that the commissions paid by it to the real estate agents were investment expenses deductible from its income.

The term "investment expenses" has not been defined by statute or authoritative adjudication. We look for its meaning to the relation of the expenditures to taxed income. It was the intention of Congress to allow deductions only from complementary taxable income. Rockford Life Insurance Co. v. Commissioner, 292 U.S. 383, 384, 385, 54 S.Ct. 761, 78 L.Ed. 1315. A legal reserve life insurance company is taxed under a statute which does not consider capital gain or loss in the sale of real estate. The deductions here sought are payments of commissions on sales of real estate and were a part of the gains or losses thereon, not to be considered in computing taxable income. In our opinion, they are not investment expenses within the meaning of the statutes, but expenditures made on capital transactions without relation to taxed income. Compare Helvering v. Missouri State Life Insurance Co. (C.C.A.) 78 F.(2d) 778, 781.

The order of the Board of Tax Appeals is affirmed.