**EQUITABLE LIFE INSURANCE COMPANY OF IOWA, and Bankers Life Company, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 5-1373.**

United States District Court
S. D. Iowa,
Central Division.

June 19, 1964.

Ross H. Sidney, of Austin, Grefe & Sidney, Des Moines, Iowa, for plaintiffs.

Gene Castleberry, Dept. of Justice, and Donald A. Wine, U. S. Atty., for the United States.

STEPHENSON, Chief Judge.

Plaintiffs, Equitable Life Insurance Company and Bankers Life Company (hereinafter referred to as "Equitable" and "Bankers") in this action seek to recover certain taxes paid with respect to calendar years 1956 and 1957. The Court has jurisdiction by reason of Title 28 U.S.C.A. § 1346(a) (1).

The plaintiffs are both life insurance companies as defined in § 801 of the Internal Revenue Code of 1954. Plaintiff, Equitable, was the owner of certain U. S. Government Series G Bonds having a face value of $1,400,000 which were redeemed by plaintiff on February 1, 1957, before maturity. As a condition precedent to the redemption of said bonds, plaintiff, Equitable, refunded to the United States $40,400 which is by stipulation of the parties deemed to be part of the interest which Equitable received by virtue of its ownership of said bonds.

Plaintiff, Bankers, also was an owner of certain U. S. Government Series G Bonds. The face amount of said bonds being $1,500,000. These bonds were re-

deemed during October and November, 1956, before maturity. As a condition precedent to the redemption of these bonds Bankers refunded to the United States $45,500 which is deemed by the parties to be part of the interest Bankers received by virtue of its ownership of said bonds. In addition Bankers was the owner of a certain U. S. Government Investment Series A–1965 Bond with a face value of $3,300,000 which was redeemed on December 4, 1957 before maturity. As a condition precedent to the redemption of said bond, Bankers refunded to the United States $227,436 which is deemed to be part of the interest Bankers received by virtue of its ownership of said bond.

Neither of the plaintiffs in computing their respective tax liabilities for the years 1956 and 1957 took into account, offset or deducted any of the above referred to amounts of interest which were refunded to the United States. Both plaintiffs in accordance with § 6511 I.R.C. of 1954 filed timely claims for refund. Equitable's claim for refund was $3,-151.20 and Bankers' claims were $3,526.-96 for 1956 and $17,619.44 for 1957. All of said claims were disallowed in full by the District Director and thereafter plaintiffs jointly filed this lawsuit.

The sole legal issue present in this case is whether a life insurance company in a year when it makes refunds of interest to the government pursuant to redemption before maturity of U. S. Series G and Investment Series A–1965 Bonds is entitled to treat said refunds as an offset against investment income, or in the alternative, as an investment expense. Plaintiffs contend that they should be either able to reduce their gross investment income by the amounts of the interest refunds here in issue or else be able to deduct the refunds as investment expenses, i. e., as costs directly incurred in producing investment income. In opposition, the government primarily urges that plaintiffs' complaint should be dismissed because applicable Code provisions do not permit or provide for deductions by life insurance companies for such refunds of interest.

"Treasury Department Circular No. 815 which generally governs Investment Series Bonds at § 326.8 states:

Each bond bears interest at a specified rate computed on the face amount of the bond and payable semi-annually beginning six months from the date of the bond. Interest will be paid on each interest payment date by check drawn to the order of the registered owner in the same form as the inscription on the bond. Full advantage of interest at the rate specified may be secured only if the bond is held to maturity. If the bond is redeemed before maturity, the difference between the face or full maturity value and the current redemption value then payable in accordance with the table printed on each bond will represent an adjustment of interest to the rate appropriate for the shorter term, as set forth in the table attached to the circular announcing the offering of the bonds."

In Treasury Department Circular No. 814 governing Investment Series A–1965 the first provision of section II provides:

"1. The bonds will be dated October 1, 1947, and will bear interest from that date at the rate of 2½ percent per annum, payable semi-annually. They will mature and be payable at face value on October 1, 1965. The bonds may not be called for redemption by the Secretary of the Treasury prior to maturity. They may be redeemed prior to maturity, on and after April 1, 1948, at the owner's option, on the first day of any calendar month, on one month's notice in writing, at fixed redemption values, as shown in the table at the end of this circular. They will not be redeemable at par prior to maturity. Interest will be paid by check drawn to the order of the registered owner. Interest will cease at maturity, or, in the case of redemption before maturity,

at the end of the interest period next preceding the date of redemption. A table of redemption values appears on each bond, and the difference between the face amount of the bond and the redemption value fixed for any period represents an adjustment (or refund) of interest. Accordingly, if the owner exercises his option to redeem a bond prior to maturity, the investment yield will be less than the interest rate on the bond."

It is noted that said Treasury circulars characterize the difference between the face amount of the bonds and their redemption value as "an adjustment of interest" or "an adjustment (or refund) of interest."

The government contends that the proper treatment for refunds of realized interest is set out in I.T. 3504, 1941–2 Cum.Bull. 93. There in pertinent part it is stated:

"[U]pon such a redemption before maturity, although there is for the sake of convenience paid over to the bondholder only the net difference, he in effect or constructively receives the full face amount of the bond and simultaneously refunds previously realized interest to the extent of the difference between the face amount of the bond and the net amount he actually receives at the time of the redemption.

\* \* \* \* \* \*

"Accordingly, it is held that, in so far as the bond itself is concerned, a purchaser of such a bond has no gain or loss, either ordinary or capital, upon its redemption.

\* \* \* \* \* \*

"Accordingly, it is held that the amount of interest thus refunded by a purchaser of such a bond is deductible for Federal income tax purposes as an ordinary loss, incurred in a transaction entered into for profit, in the taxable year of such redemption and refund."

Said ruling was further amplified in Rev.Rul. 59–271, 1959–2 Cum.Bull. 70.

The ruling of I.T. 3504 is not directly authoritative for the problem at hand. Losses allowed to taxpayers generally are set out in Section 165 of the Internal Revenue Code of 1954. It was a § 165 loss (§ 23(e) (2) and (f) of the 1939 Code) that I.T. 3504 referred to. Difficulty is encountered because life insurance companies are for tax purposes treated differently than other individual and corporate taxpayers.

Since the Revenue Act of 1921 life insurance companies have been taxed under special sections of the Internal Revenue Code. See Service Life Insurance Co. v. U. S., 293 F.2d 72 (8th Cir. 1961). For the years here involved the plaintiffs were governed by the Life Insurance Company Tax Act for 1955, §§ 802 and 803 I.R.C. An examination of these provisions indicates that there is no specific "loss" deduction comparable to § 165 (applicable to general taxpayers) which entitles the plaintiff insurance companies to a "loss" deduction for the refunded interest. It is fundamental that deductions are not matters of right, but of legislative grace and a taxpayer seeking a deduction must be able to point to an applicable statute and show that he comes within its terms. U. S. v. Olympic Radio and Television, 349 U.S. 232, 235, 75 S.Ct. 733, 735, 99 L.Ed. 1024 (1955); New Colonial Co. v. Helvering, 292 U.S. 435, 440, 54 S.Ct. 788, 78 L.Ed. 1348 (1934). Generally, insurance companies have not been allowed loss deductions granted ordinary taxpayers because of the separate method of taxation provided for such companies. See Helvering v. Manhattan Life Insurance Co., 71 F.2d 292 (2nd Cir. 1934); Southland Life Insurance Co., 30 B.T.A. 874, 877 (1934); Jefferson Standard Life Insurance Co., 25 B.T.A. 1335, 1339 (1932), rev'd on other grounds, 72 F. 2d 363 (4th Cir. 1934); Midland National Life Insurance Co. 18 B.T.A. 1240, 1244 (1930).

Thus, even though taxpayers other than plaintiffs would be entitled to deduct the refunded interest as an ordinary loss under the rulings of the In-

ternal Revenue Service, the plaintiffs in this instance due to the absence of a statutory "loss" deduction are not entitled to regard such refunds as losses to offset investment income.

Plaintiffs further contend that the refunds of bond interest should be regarded as an investment expense. Section 803(c) of the Life Insurance Company Tax Act for 1955 provides:

> "The term 'net investment income' means the gross investment income less the following deductions:
>
> *     *     *     *     *     *
>
> "(2) (A) Investment expenses paid or accrued during the taxable year."

There is no statutory definition of the phrase "investment expenses." However, it has been held that interest paid by a life insurance company on money borrowed by it for the purpose of making income-producing investments is not deductible as an "investment expense" within the meaning of the statutes here applicable. Service Life Insurance Company v. United States, 293 F.2d 72 (8th Cir. 1961) affirming, 189 F.Supp. 282 (1960). In the matter now before the Court the investment expense sought to be deducted is in the form of interest refunded (paid back) because the bonds were redeemed before maturity. In each case an investment expense was incurred but not an investment expense deductible under the statute. This may seem inequitable but we must take the statutes as we find them. In United States v. Olympic Radio & Television, Inc., 349 U.S. 232, 235, 236, 75 S.Ct. 733, 736, the Supreme Court said:

> "We deal here with a deduction which one obtains not as of right, but as of grace. Deputy v. du Pont, 308 U.S. 488, 493, 60 S.Ct. 363, 366, 84 L.Ed. 416. The taxpayer has the burden to show that it is within the provision allowing the deduction. *     *     * This taxpayer argues the inequity of the results which would follow from our construction of the Code. But as we have said before, 'general equitable considerations' do not control the question of what deductions are permissible. *     *     * We can only take the Code as we find it and give it as great an internal symmetry and consistency as its words permit. *     *     * The fact that the construction we feel compelled to make *     *     * discriminates against the taxpayer on the accrual basis may suggest that changes in the law are desirable. But if they are to be made, Congress must make them."

The Court finds that the plaintiffs have failed to establish that interest refunded is an investment expense deductible under the statutes.

Finally, plaintiffs contend that the amount of interest refunded in each instance should reduce gross investment income under the "claim of right" doctrine. Assuming that the claim of right doctrine was sufficiently raised when the claims for tax refunds were made, the Court concludes that the doctrine has no application under the facts of this case. The semi-annual interest payments received by the taxpayers were not received under a claim of right but under an absolute right. See Grandview Mines, 32 T.C. 759, 771 (1959). No dispute existed as to plaintiffs' right to retain the interest received on the bonds prior to their redemption. The taxpayers had no obligation to redeem the bonds prior to maturity so as to necessitate in effect the partial refund of interest previously received. Such voluntary acts on the part of the taxpayers do not justify a deduction. United States v. Simon, 281 F.2d 520 (6th Cir. 1960); Crellin's Estate v. Commissioner of Internal Revenue, 203 F.2d 812 (9th Cir. 1953).

The foregoing shall constitute the Court's findings of fact and conclusions of law under Rule 52, Federal Rules of Civil Procedure, 28 U.S.C.A. Judgment will forthwith be entered dismissing plaintiffs' complaint.