## PACIFIC EMPLOYERS INS. CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8166.

Circuit Court of Appeals, Ninth Circuit.

March 29, 1937.

Joseph D. Peeler and F. Britton McConnell, both of Los Angeles, Cal. (Ward Loveless, of Washington, D. C., of counsel), for petitioner.

Robert H. Jackson, Asst. Atty. Gen., and Sewall Key, Edward H. Horton, and A. F. Prescott, Sp. Assts. to Atty. Gen., for respondent.

Bernhard Knollenberg, of New York City, for American Auto. Ins. Co., amicus curiæ.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

To review a decision of the Board of Tax Appeals this petition is presented to us.

Petitioner, a California corporation, has been, and is operating an insurance business solely in California. Fourteen-fifteenths of the net premium income of petitioner for the year 1930 was from workmen's compensation insurance, and the balance was from automobile liability, collision and property damage insurance, principally, and a small volume from public liability and theft insurance.

Section 204 of the Revenue Act of 1928 (26 U.S.C.A. § 204 and note) is applicable to petitioner in the computation of its income tax for the year 1930, the year in question. By the terms of that section one item of "gross income" is "underwriting income as provided in this subsection, computed on the basis of the underwriting and investment exhibit of the annual statement approved by the National Convention of Insurance Commissioners." "Underwriting income" is defined to be "the premiums earned on insurance contracts during the taxable year less losses incurred and expenses incurred." In computing the "underwriting income," the deduction for "losses incurred" is to be computed as follows: "To losses paid during the taxable year, add salvage and reinsurance recoverable outstanding at the end of the preceding taxable year, and deduct salvage and reinsurance recoverable outstanding at the end of the taxable year. To the result so obtained add all unpaid losses outstanding at the end of the taxable year and deduct unpaid losses outstanding at the end of the preceding taxable year."

In its return petitioner, in arriving at the amount of "underwriting income," computed the "losses incurred" at $882,632.55, but subsequently claimed an error therein, and asserted the correct amount to be $1,022,015.88.

In the return "losses paid" are shown to be $865,801.55, and the "unpaid losses outstanding at the end of the taxable year" are shown to be $660,980. The total of these items is $1,526,781.55. From this total there is to be deducted "unpaid losses outstanding at the end of the preceding taxable year," which item is shown

in the return to be $644,149. The total less that deduction leaves the sum of $882,632.55, shown in the return as "Losses Incurred."

The claimed error arises as follows: Section 602a, Political Code of California, provides a method for computing a "reserve for outstanding losses." Petitioner submitted to the Insurance Commissioner of California its annual report which included the underwriting and investment exhibit, the entire form of the statement being "approved by the National Convention of Insurance Commissioners." The "losses incurred," as shown on the exhibit, consisted of item specified in section 602a, Political Code of California, which are used in computing the "reserve" therein mentioned. Under that exhibit the "losses paid" is in accord with the amount shown on the return—$865,801.55. However, the "unpaid losses outstanding at the end of the taxable year" are shown to be $596,532.85. (In the return this item is $660,980.) The total of the losses paid, and the unpaid losses outstanding at the end of the taxable year thus shown, is $1,462,334.40. The exhibit shows the "unpaid losses outstanding at the end of the preceding taxable year" to be $440,318.52. (The return shows this item to be $644,149.) Deducting the $440,318.52 from the total of $1,462,334.40 leaves a balance of $1,022,015.88 which is the "reserve for outstanding losses" specified by the California statute.

The Board held "that the method used by petitioner in reporting unpaid losses in its return was proper and that the method now advanced by it is not in accordance with the statute," and affirmed respondent's determination, assessing a deficiency in the sum of $1,193.45. Petitioner filed its petition with this court to review that determination.

Petitioner contends that since section 204 of the Revenue Act of 1928 (26 U.S.C.A. § 204 and note) provides that "underwriting income as provided in this subsection, computed on the basis of the underwriting and investment exhibit of the annual statement approved by the National Convention of Insurance Commissioners," the portions of the subsection specifying the items to be used in computing such "underwriting income" by implication carry with them the provision relating to the "underwriting and investment exhibit of the annual statement"; that therefore the amounts of the items mentioned in the statute are to be determined by the amounts contained in such exhibit.

Article 992 of Regulations 74, promulgated under the Revenue Act of 1928, provides in part: " * * * The underwriting and investment exhibit is presumed clearly to reflect the true net income of the company, and in so far as it is not inconsistent with the provisions of the Act will be recognized and used as a basis for that purpose. All items of the exhibit, however do not reflect an insurance company's income as defined in the Act. * * *"

■ Petitioner's contention is untenable. The provision [section 204(b) (1), 26 U.S.C.A. § 204(b) (1) and note] mentioning the "exhibit" is general, and relates to the entire subject of "investment income" and "underwriting income." Another provision [section 204(b) (6), 26 U.S.C.A. § 204(b) (6) and note] has specific reference to one deduction to be made in computing "underwriting income." The general must succumb to the specific. Murphy Oil Co. v. Burnet (C.C.A.9) 55 F.(2d) 17, 25, affirmed 287 U.S. 299, 53 S.Ct. 161, 77 L.Ed. 318. The statute [section 204(b) (6)] setting the measure of the deduction of "losses incurred" is therefore paramount. The regulation is not contrary to that construction.

■ The amount of "losses incurred" shown by the exhibit is established to be a reserve. While the amount of a reserve set up in the exhibit might coincide with the amount of "losses incurred" as computed according to the statute [section 204(b) (6)], the mere fact that the reserve is designated for "losses incurred" does not establish that the amount of such reserve is the amount of "losses incurred" within the meaning of the federal statute. A reserve might be set up for payment of losses which may or may not happen in the future, but the amount thereof is not, conceivably, a loss "incurred." No showing is here made that the reserve shown by the exhibit is actually the amount of "losses incurred," specified in the federal statute. Reliance is placed entirely on the contention hereinabove mentioned.

Affirmed.