### UNITED STATES v. FIDELITY & DE-POSIT CO. OF MARYLAND.
### HOFFERBERT, Collector of Internal Revenue, v. FIDELITY & DEPOSIT CO. OF MARYLAND.

#### Nos. 5912, 5913.

United States Court of Appeals Fourth Circuit.

Argued Nov. 8, 1949.

Decided Nov. 9, 1949.

Edward J. P. Zimmerman, Special Assistant to the Attorney General (Theron Lamar Caudle, Assistant Attorney General; Ellis N. Slack, Robert N. Anderson and Leland T. Atherton, Special Assistants to the Attorney General, and Bernard J. Flynn, U. S. Attorney, Baltimore, Md., on brief), for appellants.

Frank E. Horka, Baltimore, Md. (J. Stuart Galloway, Baltimore, Md., on brief), for appellee.

Before PARKER, Chief Judge and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

These are appeals in tax cases involving the right of an insurance company to deduct from gross income the reserve set up against unearned premiums and losses on risks reinsured with an insurance company not authorized to do business within the state. The question involved, as counsel for the government admitted at the bar of the court, is precisely the question which was before the Court of Appeals of the First Circuit in Commissioner of Internal Revenue v. New Hampshire Fire Ins. Co., 1 Cir., 146 F.2d 697, in which that court affirmed the decision of the Tax Court. 2 T. C. 708. We are in accord with the decision of the First Circuit, and nothing need be added to its opinion. We note, however, that the Tax Court has adhered to its original decision, affirmed by the First Circuit, in three subsequent cases. National Union Fire Ins. Co. v. Com'r, 5 T. C. M. 927; Columbia Casualty Co. v. Com'r, 7 T. C. M. 282; United States Guarantee Co. v. Com'r, 8 T. C. M. 510. And for a decision to the effect that a reserve required to be set up by state law and withdrawn from use by the company may properly be deducted in computation of gross income, see our decision in Early v. Lawyers Title Ins. Corporation, 4 Cir., 132 F.2d 42.

Affirmed.