## PACIFIC INS. CO., Limited, v. UNITED STATES.

No. 12686.

United States Court of Appeals Ninth Circuit.

March 16, 1951.

Milton Cades, Urban E. Wild, Honolulu, T. H. (Smith, Wild, Beebe & Cades, Honolulu, T. H., of counsel), for appellant.

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Lee A. Jackson, Homer R. Miller and Harry Marselli, Spc. Assts. to the Atty. Gen., Ray J. O'Brien, U. S. Atty., Honolulu, T. H., for appellee.

Before McALLISTER * and ORR, Circuit Judges, and GOODMAN, District Judge.

PER CURIAM.

The Court below, upon the authority of our decision in Pacific Employers Ins. Co. v. Commissioner of Internal Revenue, 89 F. 2d 186, which involved the same question posed in the instant cause, dismissed the complaint. D.C., 90 F.Supp. 328.

Because of newly discovered facts concerning the legislative history of § 204 of the Internal Revenue Code, 26 U.S.C.A. § 204, alleged not to have been before us in Pacific Employers Ins. Co. v. Commissioner, supra, and which were considered in New Hampshire Fire Ins. Co. v. Commissioner of I. R., 2 T.C. 708, affirmed 1 Cir., 146 F.2d 697, and in United States v. Fidelity & Deposit Co. of Maryland, 4 Cir., 177 F.2d 805, decided contra to our Pacific Employers case, appellants ask us to reverse the District Court and our own Pacific Employers case.

The new legislative history referred to is an isolated excerpt from a statement made by a witness before the congressional committee considering the legislation. As such, in our opinion, it is not entitled to consideration in determining legislative intent. Nor, in substance, does it indicate the intent claimed for it.

Consequently we re-affirm our decision in Pacific Employers Ins. Co. v. Commissioner of I. R., supra, and affirm the judgment below.

* Sixth Circuit, sitting by special designation.