STATE MUTUAL LIFE ASSURANCE COMPANY OF WORCESTER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 55484.   Filed December 18, 1956.

*Hugh M. MacKay, Esq.*, for the petitioner.
*Frank V. Moran, Jr., Esq.*, for the respondent.

#### OPINION.

MULRONEY, *Judge:* Respondent determined a deficiency in income tax for the taxable year 1950 in the amount of $1,970.67.   All of the facts were stipulated and it was also stipulated:

The only issue before the Court is whether petitioner is entitled to deduct as investment expenses those portions of real estate taxes and expenses and depreciation on its home office property which were allocated by petitioner to its investment operations. * * *

Petitioner is a life insurance company with its principal office in Worcester, Massachusetts, and it filed its income tax return for the year 1950 with the then collector of internal revenue for the district of Massachusetts.   Petitioner's home office property consists of a 9-story office building fronting on Main Street, and a 9-story annex to the rear connected by bridges and parking areas.   During the year 1950, 46.768 per cent of the rental value of petitioner's home office property was rented to tenants and the balance, or 53.232 per cent of the rental value of said property, was occupied by petitioner.   Of the portion occupied by petitioner 20.02 per cent was used by petitioner in its investment operations.   During the year 1950 salaries charged to petitioner's investment operations represented 20.69 per cent of the total salaries paid by petitioner.

On its return for the taxable year 1950 petitioner reported rental income from its home office property in the amount of $201,407.95, said amount being the difference between the gross fair rental value of the said property of $430,648.88 and the fair rental value of the portion occupied by petitioner of $229,240.93.   On this return petitioner also reported as to this home office property: Repairs and expenses of $216,501.52, real estate taxes of $141,344.32, and depreciation of $74,701.54.   Petitioner took a deduction of 46.768 per cent of the above totals for repairs and expenses, taxes, and depreciation, and respondent does not contest these deductions.   In addition, petitioner also took as investment expenses, deductions of 20.02 per cent of the balance of the repairs and expenses, taxes, and depreciation.   Petitioner also took

as deductions as investment expenses, 20.69 per cent of the total building alteration expenses on that portion of the home office property it occupied and 20.69 per cent of the total building service department expenses for the portion it occupied in 1950.

Respondent disallowed all of the foregoing deductions taken as investment expenses, in the total sum of $50,075.38. Respondent does not dispute the amounts as claimed. The only question is, as previously stated, whether petitioner is entitled to deduct as investment expenses those portions of real estate expenses, taxes, and depreciation on its home office property which were allocated by petitioner to its investment operations.

It is well settled that a taxpayer seeking a deduction from gross income must be able to point to statutory authority therefor. *New Colonial Ice Co.* v. *Helvering*, 292 U. S. 435. Here there is specific statutory authority for a deduction by an insurance company of the real estate expenses and depreciation with respect to the real estate owned by the company. It is found in sections 201 (c) (7) (C) and 201 (c) (7) ( D), Internal Revenue Code of 1939.[1] But these deductions of real estate expenses and depreciation were made subject to the limitation found in section 201 (d), as follows:

RENTAL VALUE OF REAL ESTATE.—The deduction under subsection (c) (7) (C) or (c) (7) (D) of this section on account of any real estate owned and occupied in whole or in part by a life insurance company, shall be limited to an amount which bears the same ratio to such deduction (computed without regard to this subsection) as the rental value of the space not so occupied bears to the rental value of the entire property.

It will readily be seen that the operation of the above-quoted subsection will result in lessening the deduction for real estate expenses and depreciation granted under sections 201 (c) (7) (C) and 201 (c) (7) (D), by the arithmetical equivalent of the so-called rental value of the space occupied by the company. Petitioner's argument is that there is another statute, namely, section 201 (c) (7) (B), which grants a further deduction for real estate expenses and depreciation

---

[1] SEC. 201. LIFE INSURANCE COMPANIES.

(c) OTHER DEFINITIONS.—In the case of a life insurance company—

* * * * * * *

(7) NET INCOME.—The term "net income" means the gross income less—

* * * * * *

(C) Real Estate Expenses.—Taxes and other expenses paid during the taxable year exclusively upon or with respect to the real estate owned by the company, not including taxes assessed against local benefits of a kind tending to increase the value of the property assessed, and not including any amount paid out for new buildings, or for permanent improvements or betterments made to increase the value of any property. The deduction allowed by this paragraph shall be allowed in the case of taxes imposed upon a shareholder of a company upon his interest as shareholder, which are paid by the company without reimbursement from the shareholder, but in such cases no deduction shall be allowed the shareholder for the amount of such taxes;

(D) Depreciation.—A reasonable allowance, as provided in section 23 (1), for the exhaustion, wear and tear of property, including a reasonable allowance for obsolescence.

as to a part of the space it occupies. This section,[2] which we set forth in a footnote, grants a deduction for investment expenses. Petitioner argues that that portion of real estate expenses and depreciation, covering real estate owned and occupied by the company, properly allocated to its investment operations, constitutes investment expenses, and is therefore deductible.

Petitioner's argument is largely based on an appeal to "logic and equity" and "broad present day tax principles"—the insurance companies are taxed on their investment income and their investment expenses should include real estate expenses and depreciation on the space properly allocable to their investment departments. Such an argument is foreclosed by what we earlier said that he who seeks a deduction must find statutory authority therefor. "Unquestionably Congress has power to condition, limit, or deny deductions from gross income in order to arrive at the net that it chooses to tax." *Helvering* v. *Independent Life Insurance Co.*, 292 U. S. 371.

The whole history of legislation governing the taxing of life insurance companies' incomes shows that, from the outset, insurance companies have been taxed differently from ordinary commercial enterprises. Prior to 1921, life insurance companies were taxed not only upon investment income but also upon premium income. The Revenue Acts of 1921 and 1926 provided for a tax on investment income from interest, dividends, and rents, with deductions chargeable against such investment income. However, under these Acts, in order to permit a deduction for real estate expenses and depreciation on property owned or occupied in whole or in part by the company, the company was required to return in gross income an amount which, when added to rents received from tenants, would, after certain deductions, provide a net income of 4 per cent per annum of the book value, at the end of the year, of the real estate so owned or occupied. (Revenue Act of 1921, secs. 245 (a) (6) and (7), 245 (b) ; Revenue Act of 1926, sec. 244.)

From the above it will be seen there has been, since 1921, a restriction or limitation on the taking of a deduction for real estate expenses and depreciation on the space occupied by the insurance company in its home office building. In the sections referred to above the company

---

[2] SEC. 201. LIFE INSURANCE COMPANIES.

(c) OTHER DEFINITIONS.—In the case of a life insurance company—

\* \* \* \* \* \* \*

(7) NET INCOME.—The term "net income" means the gross income less—

\* \* \* \* \* \* \*

(B) Investment Expenses.—Investment expenses paid during the taxable year. If any general expenses are in part assigned to or included in the investment expenses, the total deduction under this subparagraph shall not exceed one-fourth of 1 per centum of the mean of the book value of the invested assets held at the beginning and end of the taxable year plus one-fourth of the amount by which net income computed without any deduction for investment expenses allowed by this subparagraph, or for tax-free interest allowed by subparagraph (A), exceeds 3¾ per centum of the book value of the mean of the invested assets held at the beginning and end of the taxable year ;

could only get a deduction of real estate expenses and depreciation by returning a fictitious income for such space. This was changed by the Revenue Act of 1932 to the present law limiting the deduction for real estate expenses and depreciation to exclude the amount chargeable to the space occupied by the company. *Manufacturers Life Insurance Co.*, 43 B. T. A. 867.

Petitioner states the case here is one of first impression, and it probably is in the sense that petitioner's theory has not been advanced with respect to the particular statutes here involved. But since 1921 there have been specific provisions for restrictions or limitations on the deductions for real estate expenses and depreciation, and also a general statute granting deductions for investment expense. In *Metropolitan Life Insurance Co.*, 8 B. T. A. 938, the law required the return of the rental value of all company-occupied space in order to secure the deduction for real estate expenses and depreciation. The company sought a deduction of the rental value of the space devoted to its investment department under the general statute granting a deduction for investment expenses. We held the rental value of the space occupied by the investment department could not be deducted as an investment expense under a statute similarly worded and having the same meaning as section 201 (c) (7) (B), the Opinion stating:

The implication is that had there been an intent to allow such deduction as is here claimed it would have been mentioned in connection with those specifically provided for and that there was no purpose to allow any other. *Expressio unius est exclusio alterius.*

As was stated in *Rockford Life Insurance Co.* v. *Commissioner*, 292 U. S. 382:

There is adequate evidence that Congress intended to limit deductions of expenses to those related to the taxed income. * * *

Perhaps an argument could be made that ordinarily real estate expenses and depreciation of property, owned and occupied by an investment company, would have a relation to the investment company's taxed income. But that argument has no force here. Because of the character of the life insurance business it has, since 1921, been taxed under special provisions. In all of the laws enacted since 1921 there have been restrictions and limitations on deductions for real estate expenses and depreciation. These restrictions and limitations have been specifically spelled out in the statutes and in none of them has there been mention made of a deduction based on the portion of the space occupied by the company that is devoted to investment operation. The restrictions and limitations are based on its occupancy of its own realty—in short, its home office building. Since Congress sought to deal specifically with the real estate expense and depreciation deductions, the specific statutes govern, and a general statute giving deductions for general investment expenses has no application.

"The general must succumb to the specific." *Pacific Employers Insurance Co.* v. *Commissioner*, (C. A. 9, 1937) 89 F. 2d 186.

Petitioner cites *Rockford Life Insurance Co.* v. *Commissioner*, *supra*, where it was held the insurance company could take depreciation on its furniture in its investment department. The case is not in point. Congress did not specifically limit the depreciation of personal property.

Petitioner also cites *Manufacturers Life Insurance Co.*, *supra*, where we held taxes paid by an insurance company on farm lands acquired by it through mortgage foreclosures were deductible as investment expenses. This case is not in point. The Opinion points out the mortgages were investments, and after foreclosure the property was investment property in the hands of the company. It would ordinarily produce investment income in the form of rents. We held the fact that it failed to produce investment income in the form of rents, or failed to sell, would be no reason to cut off the right of deduction for taxes on the investment property.

We hold there is no statutory authority for the deduction as investment expenses for those portions of real estate expenses and depreciation on the property it owned and occupied which were allocated by petitioner to its investment operations. Respondent was right in disallowing the claimed deductions.

*Decision will be entered for the respondent.*