FRANK THOMAS BACHMURA, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 60388.   Filed August 24, 1959.

*Frank Thomas Bachmura, pro se.*
*Miller Bowen, Esq.,* for the respondent.

## OPINION.

TURNER, *Judge:* Prior to the enactment of the Internal Revenue Code of 1954, there was no statutory provision specifically covering the treatment, for income tax purposes, of amounts received as scholarships and fellowship grants. And in cases relating thereto, the question was whether the amounts so received were of such character as to fall within the statutory definition of gross income and the decisions usually turned on the conclusion as to whether the amounts

represented compensation for services rendered, which did fall within the statutory definition of gross income, or were gifts, which by the definition were excluded from gross income. See *George Winchester Stone, Jr.,* 23 T.C. 254; *Ti Li Loo,* 22 T.C. 220; *Ephraim Banks,* 17 T.C. 1386.

In section 117 of the 1954 Code, Congress legislated specifically with respect to scholarships and fellowship grants, and subject to the limitations stated therein, section 117 [1] provides that "(a) * * * [i]n the case of an individual, gross income does not include—(1) any amount received—(A) as a scholarship at an educational institution * * * or (B) as a fellowship grant." The limitations are those relating to individuals who are candidates for degrees and contained in subsection (b)(1), and those relating to individuals who are not candidates for degrees and contained in subsection (b)(2). In the case of an individual who is a candidate for a degree, the exclusion from gross income does not apply "to that portion of any amount received which

----

[1] SEC. 117. SCHOLARSHIPS AND FELLOWSHIP GRANTS.

   (a) GENERAL RULE.—In the case of an individual, gross income does not include—

      (1) any amount received—

         (A) as a scholarship at an educational institution (as defined in section 151(e)(4)), or

         (B) as a fellowship grant,

including the value of contributed services and accommodations; and

      (2) any amount received to cover expenses for—

         (A) travel,

         (B) research,

         (C) clerical help, or

         (D) equipment,

which are incident to such a scholarship or to a fellowship grant, but only to the extent that the amount is so expended by the recipient.

   (b) LIMITATIONS.—

      (1) INDIVIDUALS WHO ARE CANDIDATES FOR DEGREES.—In the case of an individual who is a candidate for a degree at an educational institution (as defined in section 151(e)(4)), subsection (a) shall not apply to that portion of any amount received which represents payment for teaching, research, or other services in the nature of part-time employment required as a condition to receiving the scholarship or the fellowship grant. If teaching, research, or other services are required of all candidates (whether or not recipients of scholarships or fellowship grants) for a particular degree as a condition to receiving such degree, such teaching, research, or other services shall not be regarded as part-time employment within the meaning of this paragraph.

      (2) INDIVIDUALS WHO ARE NOT CANDIDATES FOR DEGREES.—In the case of an individual who is not a candidate for a degree at an educational institution (as defined in section 151(e)(4)), subsection (a) shall apply only if the condition in subparagraph (A) is satisfied and then only within the limitations provided in subparagraph (B).

        (A) CONDITIONS FOR EXCLUSION.—The grantor of the scholarship or fellowship grant is an organization described in section 501(c)(3) which is exempt from tax under section 501(a), the United States, or an instrumentality or agency thereof, or a State, a Territory, or a possession of the United States, or any political subdivision thereof, or the District of Columbia.

        (B) EXTENT OF EXCLUSION.—The amount of the scholarship or fellowship grant excluded under subsection (a)(1) in any taxable year shall be limited to an amount equal to $300 times the number of months for which the recipient received amounts under the scholarship or fellowship grant during such taxable year, except that no exclusion shall be allowed under subsection (a) after the recipient has been entitled to exclude under this section for a period of 36 months (whether or not consecutive) amounts received as a scholarship or fellowship grant while not a candidate for a degree at an educational institution (as defined in section 151(e)(4)).

represents payment for teaching, research, or other services in the nature of part-time employment required as a condition to receiving the scholarship or the fellowship grant," unless the teaching, research, or other services are required of all candidates, whether recipients of scholarships or fellowship grants, as a condition to the receiving of the particular degree, in which case such teaching or research is not to be regarded as part-time employment within the meaning of subsection (b)(1). In the case of an individual who is not a candidate for a degree, the exclusion applies "only if" the grantor of the scholarship or fellowship grant "is an organization described in section 501(c)(3) which is exempt from tax under section 501(a), the United States, or an instrumentality or agency thereof, or a State, a Territory, or a possession of the United States, or any political subdivision thereof, or the District of Columbia." Also, the amount to be excluded in the case of an individual not a candidate for a degree is limited to an amount equal to $300 times the number of months for which the amounts were received during the taxable year, and to a period of 36 months in all.

According to the committee reports,[2] the purpose of section 117 is to provide rules for determining the extent to which amounts received as scholarships and fellowship grants are to be included in gross income, and to eliminate confusion which existed as to whether such payments were to be treated as income or gifts.

Petitioner rests his claim on the proposition that he was the recipient of a fellowship grant. He makes no claim that he had a scholarship. He was not a candidate for a degree, and since, according to the stipulation of the parties, both the Rockefeller Foundation and Vanderbilt University are organizations described in section 501(c)(3) which are exempt from tax under the provisions of section 501(a), and petitioner has not claimed any exclusion in excess of $300 for each of the 4 months during the taxable year for which he received the said payments, the crucial question appears to be whether the payments received by him, and here in question, were amounts received as a fellowship grant within the meaning of the term "fellowship grant" as used by Congress in section 117.

Congress did not define fellowship grant in the statute, and we have found nothing in the committee reports or other legislative history to indicate that Congress thought that beyond the statute itself there was any necessity to elaborate on the meaning intended.

The respondent, in his regulations, section 1.117-3(c) of the Income Tax Regulations,[3] has defined fellowship grant "generally" as mean-

---

[2] H. Rept. No. 1337, pp. 17, a37; S. Rept. No. 1622, pp. 17, 188.

[3] Sec. 1.117-2 LIMITATIONS.— (a) *Individuals who are candidates for degrees.*—(1) *In general.*—Under the limitations provided by section 117(b)(1) in the case of an individual who is a candidate for a degree at an educational institution, the exclusion from gross income shall not apply (except as otherwise provided in subparagraph (2) of this

ing "an amount paid or allowed to, or for the benefit of, an individual to aid him in the pursuit of study and research," but as not including "any amount provided by an individual to aid a relative, friend, or other individual in the pursuit of study or research where the grantor is motivated by family or philanthropic considerations." Section 1.117–4 [3] of the regulations describes certain payments or allowances which thereunder "shall not be considered to be amounts received

paragraph) to that portion of any amount received as payment for teaching, research, or other services in the nature of part-time employment required as a condition to receiving the scholarship or fellowship grant. Payments for such part-time employment shall be included in the gross income of the recipient in an amount determined by reference to the rate of compensation ordinarily paid for similar services performed by an individual who is not the recipient of a scholarship or a fellowship grant. A typical example of employment under this subparagraph is the case of an individual who is required, as a condition to receiving the scholarship or the fellowship grant, to perform part-time teaching services. A requirement that the individual shall furnish periodic reports to the grantor of the scholarship or the fellowship grant for the purpose of keeping the grantor informed as to the general progress of the individual shall not be deemed to constitute the performance of services in the nature of part-time employment.

(2) *Exception.*—If teaching, research, or other services are required of all candidates (whether or not recipients of scholarships or fellowship grants) for a particular degree as a condition to receiving the degree, such teaching, research, or other services on the part of the recipient of a scholarship or fellowship grant who is a candidate for such degree shall not be regarded as part-time employment within the meaning of this paragraph. Thus, if all candidates for a particular education degree are required, as part of their regular course of study or curriculum, to perform part-time practice teaching services, such services are not to be regarded as part-time employment within the meaning of this paragraph.

    *         *         *         *         *         *         *

Sec. 1.117–3 DEFINITIONS.—* * *

    *         *         *         *         *         *         *

(c) *Fellowship grant.*—A fellowship grant generally means an amount paid or allowed to, or for the benefit of, an individual to aid him in the pursuit of study or research. * * * However, the term does not include any amount provided by an individual to aid a relative, friend, or other individual in the pursuit of study or research where the grantor is motivated by family or philanthropic considerations.

    *         *         *         *         *         *         *

Sec. 1.117–4 ITEMS NOT CONSIDERED AS SCHOLARSHIPS OR FELLOWSHIP GRANTS.—The following payments or allowances shall not be considered to be amounts received as a scholarship or a fellowship grant for the purpose of section 117:

    *         *         *         *         *         *         *

(c) *Amounts paid as compensation for services or primarily for the benefit of the grantor.*

(1) Except as provided in § 1.117–2(a), any amount paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research, if such amount represents either compensation for past, present, or future employment services or represents payment for services which are subject to the direction or supervision of the grantor.

(2) Any amount paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research primarily for the benefit of the grantor.

However, amounts paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research are considered to be amounts received as a scholarship or fellowship grant for the purpose of section 117 if the primary purpose of the studies or research is to further the education and training of the recipient in his individual capacity and the amount provided by the grantor for such purpose does not represent compensation or payment for the services described in subparagraph (1) of this paragraph. Neither the fact that the recipient is required to furnish report of his progress to the grantor, nor the fact that the results of his studies or research may be of some incidental benefit to the grantor shall, of itself, be considered to destroy the essential character of such amount as a scholarship or fellowship grant.

as * * * fellowship grant for the purpose of section 117." And in section 1.117–4(c),[3] which specifically excepts therefrom the provisions of section 1.117–2(a),[3] prescribing the limitations relating to individuals who are candidates for degrees, it is provided that "(1) * * * any amount paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research, if such amount represents either compensation for past, present, or future employment services or represents payment for services which are subject to the direction or supervision of the grantor," or "(2) any amount paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research primarily for the benefit of the grantor," are not to be regarded as amounts received as fellowship grants. The subsection further provides, however, that "amounts paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research are considered to be amounts received as a scholarship or fellowship grant for the purpose of section 117 if the primary purpose of the studies or research is to further the education and training of the recipient in his individual capacity and the amount provided by the grantor for such purpose does not represent compensation or payment for the services described in subparagraph (1)," just quoted. It is also provided that "[n]either the fact that the recipient is required to furnish reports of his progress to the grantor, nor the fact that the results of his studies or research may be of some incidental benefit to the grantor shall, of itself, be considered to destroy the essential character of such amount as a scholarship or fellowship grant."

As supporting his position, petitioner cites and relies on the definitions of the words "fellow" and "fellowship" as found in Webster's New International Dictionary. As to the word "fellowship," the definition referred to is in its relation to English and American universities, and is: "**a** The fellows of a college collectively. **b** The position and emoluments of a fellow. **c** A foundation for maintenance, on certain conditions, of a scholar called a fellow who usually resides at the university." As a pertinent definition of the word "fellow," petitioner cites the following: "**9.** In English universities: **a** An incorporated member of a college or a collegiate foundation. **b** By analogy, a holder of a position carrying an allowance from the collegiate funds, based upon the prosecution of certain studies for a term of years and called a *fellowship*. **10.** In some American and some newer British universities and colleges, a member of the corporation or governing body; also a graduate appointed to a fellowship." He also points out that the word "emolument" is defined as "[p]rofits from office, employment, or labor; compensation; fees or salary." Reasoning that payments received as fellowship grants may constitute compensation for services, and that since Congress, according to the committee reports, was seeking through section 117 to eliminate

the existing confusion as to whether such payments were to be treated as income or gifts, it is argued that the respondent's regulation, section 1.117-4 (c), is based upon the obsolete criterion of gift, is contrary to the will of Congress, and must be regarded as erroneous and invalid. This contention is based also in part on the proposition that in section 117(b)(1), relating to individuals who are candidates for degrees, Congress has specifically provided that the compensation for certain services required as a condition to the grant and which, according to the statute, are to be regarded as part-time employment, is not excludible from gross income under section 117(a), whereas in section 117(b)(2), relating to individuals who are not candidates for degrees, there is no comparable provision.

We agree that amounts received as a fellowship grant may be compensatory in character, and that with the enactment of section 117 of the 1954 Code it no longer follows that such amounts are to be included in gross income merely because they were in the nature of compensation for services rendered. But further, we are of the view that respondent's regulation, section 1.117-4(c), is not to the contrary, as petitioner contends. By the same token, however, we do not think it follows as a matter of course that the amounts received by petitioner were received as a fellowship grant within the meaning of section 117, and excludible from his gross income under section 117(a).

It is patent, we think, that Congress never intended that the exclusion provided in section 117(a) should apply to payments received by an individual not a candidate for a degree merely because they were received from an educational or charitable institution or foundation meeting the requirements as set forth in section 117(b)(2)(A). Petitioner does not contend otherwise, but agrees that the exclusion was not intended to cover payments received from such an institution by administrators, clerks, and stenographers, or professors or teachers generally. If we follow him aright, he distinguishes his position from that of such personnel insofar as the applicability of section 117(a) is concerned, on the ground that his work has been referred to as research and was a special project not regularly constituting a part of the teaching program of Vanderbilt University.

According to section 1.117-4(c), payments received, even though to enable the recipient to pursue studies or research, are not to be regarded as amounts received as fellowship grants within the meaning of section 117 and as such excluded from gross income, if the payments represent compensation for what in the regulation has been termed "employment services." On the other hand, the regulation recognizes as excludible under section 117(a) payments even though compensatory in character, provided they are amounts paid to the

individual to enable him to pursue studies or research, if the primary purpose of such studies or research is to further the education and training of the recipient in his individual capacity, and provided they do not represent compensation for "employment services," as previously indicated. It would thus appear that the respondent in his interpretation and application of section 117 has concluded that where in the case of an individual who is not a candidate for a degree the arrangement between the parties is primarily one of employment and the payments, even though for research, are primarily payments of compensation as such and their primary purpose is not that of enabling the recipient to carry on the studies or research in furtherance of his own education and training, such payments are not to be regarded as amounts received as a fellowship grant within the meaning of section 117.

It is well settled that respondent's regulations must be regarded as valid, unless unreasonable or inconsistent with the statute, and that they constitute contemporaneous construction of the statute by those charged with its administration and will not be disturbed or overruled except for weighty reasons. *Commissioner* v. *South Texas Lumber Co.*, 333 U.S. 496; *Fawcus Machine Co.* v. *United States*, 282 U.S. 375, 378; *Brewster* v. *Gage*, 280 U.S. 327. It also appears well settled that statutory provisions granting special tax exemptions are to be strictly construed. *Commissioner* v. *Jacobson*, 336 U.S. 28; *Helvering* v. *Northwest Steel Rolling Mills, Inc.*, 311 U.S. 46; *Cappel House Furnishing Co.* v. *United States*, 244 F. 2d 525; *Estate of Shedd* v. *Commissioner*, 237 F. 2d 345; *Frederick Smith Enterprise Co.* v. *Commissioner*, 167 F. 2d 356, 359; *Peoples Finance & Thrift Co.*, 12 T.C. 1052.

On the record before us, we are satisfied and convinced that the furtherance of petitioner's education and training in his individual capacity was neither the occasion for nor the purpose of petitioner's employment and participation in the research project. The facts indicate that petitioner's purpose in moving from Denison to Vanderbilt was primarily a matter of changing to employment which would be of greater interest to him. He was not happy in his work at Denison, and felt that the work at Vanderbilt, consisting of part-time teaching and part-time work on the project, was more attractive, even though to all appearances of limited duration. He demurred, however, at accepting the employment at the figure of $4,200 annually as originally offered, since it would result in a salary cut. The annual figure of $4,600, on the other hand, was acceptable.

It is accordingly our opinion and we conclude that under the respondent's regulations the amounts in question were not amounts received as a fellowship grant within the meaning of section 117 of

the 1954 Code, and when applied on the facts herein, we are unable to say that the regulations are unreasonable and plainly inconsistent with the statute.

*Decision will be entered for the respondent.*