LIBERTY FINANCE SERVICE, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 62634. Filed July 11, 1960.

*Albert R. Brown, Jr., Esq.,* for the petitioner.
*Harold G. Clark, Jr., Esq.,* for the respondent.

FISHER, *Judge:* This case involves deficiencies in personal holding company surtax determined by respondent as follows:

| Year ended Oct. 31— | Amount |
| --- | --- |
| 1950 | $2, 612. 73 |
| 1951 | 6, 123. 41 |
| 1952 | 5, 686. 76 |
| 1953 | 6, 292. 10 |

The sole issue presented is whether petitioner is entitled to exemption from personal holding company surtax under section 501(b)(7) of the Code of 1939.

### FINDINGS OF FACT.

The stipulated facts are so found, and are incorporated herein by reference.

Liberty Finance Service, Inc., hereinafter referred to as petitioner, was incorporated under the laws of Alabama on November 8, 1948, and was, during the taxable years in question, a licensed personal finance company. During all the taxable years in question, more than 50 per cent in value of petitioner's outstanding stock was owned by not more than five individuals, and more than 80 per cent of petitioner's gross income was derived from interest (other than interest constituting rent).

Petitioner's articles of incorporation provide, in part, as follows:

2. The objects and purposes for which said corporation is formed and the nature of the business to be engaged in by the same are as follows:

a. To undertake, conduct, and carry on the business of making loans of money.

b. To undertake, conduct, and carry on the business of making secured and unsecured loans of money.

c. To buy, sell, lease, rent, or exchange real property or improve the same.

d. To borrow money, and to issue notes or other negotiable paper to secure the same.

e. To carry on any other business which may seem to the corporation capable of being conveniently carried on in connection with any of the above, or calculated directly or indirectly, to render profitable or enhance the value of the corporation's property or rights for the time being.

The total amount of loans made by petitioner, the total interest charged thereon, and the gross income (interest received) of petitioner for the taxable years in question are as follows:

| Year ended Oct. 31— | Loans made | Interest charges | Gross income |
| --- | --- | --- | --- |
| 1950 | $113, 044. 71 | $32, 349. 01 | $28, 082. 87 |
| 1951 | 145, 990. 68 | 47, 666. 48 | 43, 352. 80 |
| 1952 | 173, 218. 71 | 58, 379. 07 | 53, 717. 44 |
| 1953 | 201, 440. 20 | 68, 026. 24 | 66, 092. 44 |

During the taxable years in question, substantially all loans made by petitioner were at interest rates in excess of the lawful rate of 8 per cent allowed in Alabama. More than 80 per cent of interest received by petitioner exceeded the lawful rate.

Individual members of the general public would make loans of money to petitioner from time to time at the rate of 1 per cent per month. During the taxable years in question four individuals (other than petitioner's officers and shareholders or their wives) made loans to petitioner. The yearly weighted averages of loans made by members of the general public for the years in question were as follows:

| Year ended Oct. 31— | Dollar months | Weighted average |
|---|---|---|
| 1950 | 39, 000 | 3, 250 |
| 1951 | 66, 000 | 5, 500 |
| 1952 | 63, 500 | 5, 292 |
| 1953 | 70, 000 | 5, 833 |

Yearly weighted averages of loans to petitioner for the same years from officers and shareholders show the following amounts:

| Year ended Oct. 31— | Dollar months | Weighted average |
|---|---|---|
| 1950 | 103, 650 | 8, 638 |
| 1951 | 8, 500 | 708 |
| 1952 | 21, 800 | 1, 817 |
| 1953 | 24, 500 | 2, 042 |

In addition, for the year ended October 31, 1953, the wife of petitioner's president loaned petitioner $1,000 for a 2-month period.

The yearly weighted averages of bank loans to petitioner for the same years show the following amounts:

| Year ended Oct. 31— | Dollar months | Weighted average |
|---|---|---|
| 1950 | 10, 100 | 842 |
| 1951 | 7, 500 | 625 |
| 1952 | 11, 500 | 958 |
| 1953 | 19, 250 | 1, 604 |

Loans were made by its stockholders to petitioner only when additional funds were needed for continued satisfactory operations.

Standard form promissory notes, each dated and bearing a maturity date, were executed in each instance by petitioner to the lender at the time the loans were made.

During the taxable years in question, petitioner made no loans to any of its shareholders.

### OPINION.

Section 500 of the Code of 1939 imposes a surtax upon certain income of personal holding companies. Section 501(b) lists exceptions from the term "personal holding company." Petitioner main-

tains that it falls within the exception stated in section 501(b)(7),[1] and concedes that this is the only subsection which could apply so as to prevent imposition of the surtax.

Petitioner argues that it is a loan corporation; that a substantial part of its business consists of receiving funds not subject to check and evidenced by installment or fully paid certificates of indebtedness or investment in that it gave notes to those who loaned it money at 1 per cent per month; and that it makes loans. In short, petitioner contends that section 501(b)(7) is applicable to a licensed personal finance company, a substantial part of whose business consists of giving time notes to its creditors for funds not subject to check.

Respondent maintains (1) that section 501(b)(6) provides the sole relief from personal holding company surtax for a licensed personal finance company; (2) that petitioner failed to meet the statutory requirement that a substantial part of its business consisted of receiving funds not subject to check and evidenced by a certificate; (3) that it was not the intent of Congress to exempt the "corporate loan shark" from personal holding company status.

Section 501(b)(6)(A)[2] of the Code of 1939, formerly section 501(b)(6), excepts from the definition of "personal holding company" a licensed personal finance company which meets certain requirements, one of which is that at least 80 per cent of gross income must come from lawful interest.

Section 182 of the Revenue Act of 1942 added section 501(b)(7) and amended section 501(b)(6) in the manner proposed by the Senate

---

[1] SEC. 501. DEFINITION OF PERSONAL HOLDING COMPANY.

(b) EXCEPTIONS.—The term "personal holding company" does not include—

&ast; &ast; &ast; &ast; &ast; &ast;

(7) A loan or investment corporation, a substantial part of the business of which consists of receiving funds not subject to check and evidenced by installment or fully paid certificates of indebtedness or investment, and making loans and discounts, and the loans to a person who is a shareholder in such corporation during such taxable year by or for whom 10 per centum or more in value of its outstanding stock is owned directly or indirectly (including in the case of an individual, stock owned by the members of his family as defined in section 503(a)(2)) outstanding at any time during such year do not exceed $5,000 in principal amount.

[2] SEC. 501. DEFINITION OF PERSONAL HOLDING COMPANY.

(b) EXCEPTIONS.—The term "personal holding company" does not include—

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(6)(A) A licensed personal finance company under State supervision, 80 per centum or more of the gross income of which is lawful interest received from loans made to individuals in accordance with the provisions of applicable State law if at least 60 per centum of such gross income is lawful interest (i) received from individuals each of whose indebtedness to such company did not at any time during the taxable year exceed in principal amount the limit prescribed for small loans by such law (or, if there is no such limit, $500), and (ii) *not payable in advance or compounded and computed only on unpaid balances,* and if the loans to a person, who is a shareholder in such company during the taxable year by or for whom 10 per centum or more in value of its outstanding stock is owned directly or indirectly (including in the case of an individual, stock owned by the members of his family as defined in section 503(a)(2)), outstanding at any time during such year do not exceed $5,000 in principal amount; and &ast; &ast; &ast;

Finance Committee. S. Rept. No. 1631, 77th Cong., 2d Sess., 1942-2 C.B. 632, 633, states, in part, as follows:

This section amends section 501(b) of the Code, relating to exemptions from personal holding company tax. Exemption from the tax * * * is extended to loan or investment corporations which fall in the same general category as licensed personal finance companies. They exist in most States under various designations such as industrial banks, industrial loan and investment companies, loan corporations, loan and investment companies, banking companies, industrial loan and thrift companies, Morris Plan companies, special plan banks, installment investment companies, and consumer discount companies. These loan companies have many of the characteristics of banks except the right to accept deposits subject to check.

The House bill in the case of licensed personal finance companies and loan or investment companies imposed a limitation that the companies must be "subject to the supervision of State authority having supervision over financial institutions." In the case of licensed personal finance companies existing law requires that they be "under State supervision." The change made by the House bill might operate to deprive certain licensed personal finance companies from exemption since under the laws of some States they are subject to supervision by certain State officials who may not be considered as having supervision over financial institutions. This section is accordingly changed to restore the provisions of existing law with respect to licensed personal finance companies. In the case of loan or investment companies the laws of the various States are not as uniform as they are with respect to licensed personal finance companies. Many loan or investment companies are not under State supervision or subject to the supervision of State authority having supervision over financial institutions. In view of the fact that section 501(b)(7) contains other limitations which appear adequate, this section is changed to eliminate the provision of the House bill that loan or investment companies be "subject to the supervision of State authority having supervision over financial institutions." In the case of these companies the requirement that they be under State supervision or any other similar provision is not believed necessary.

Section 501(b)(6)(B),[3] added by Public Law No. 680 (Aug. 9,

---

[3] SEC. 501. DEFINITION OF PERSONAL HOLDING COMPANY.

(b) EXCEPTIONS.—The term "personal holding company" does not include—

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

(6)(B) A lending company, not otherwise excepted by section 501(b), authorized to engage in the small loan business under one or more State statutes providing for the direct regulation of such business, 80 per centum or more of the gross income of which is lawful interest, discount or other authorized charges (i) received from loans maturing in not more than thirty-six months made to individuals in accordance with the provisions of applicable State law, and (ii) which do not, in the case of any individual loan, exceed in the aggregate an amount equal to simple interest at the rate of 3 per centum per month not payable in advance and computed only on unpaid balances, if at least 60 per centum of the gross income is lawful interest, discount or other authorized charges received from individuals each of whose indebtedness to such company did not at any time during the taxable year exceed in principal amount the limit prescribed for small loans by such law (or, if there is no such limit, $500), and if the deductions allowed to such company under section 23(a) (relating to expenses), other than for compensation for personal services rendered by shareholders (including members of the shareholder's family as described in section 503(a)(2)) constitute 15 per centum or more of its gross income, and the loans to a person, who is a shareholder in such company during the taxable year by or for whom 10 per centum or more in value of its outstanding stock is owned directly or indirectly (including in the case of an individual, stock owned by the members of his family as defined in section 503(a)(2)), outstanding at any time during such year do not exceed $5,000 in principal amount.

1950), excepted lending companies authorized to engage in the small loan business, if they met certain requirements, one of which was that 80 per cent or more of gross income must be lawful interest, discount or other authorized charges, from the term "personal holding company."

In its report on section 501(b)(6)(B), the conference committee stated (H. Rept. No. 2701, 81st Cong., 2d Sess., p. 4):

The Senate amendment expanded the definition of personal finance companies excluded from the provisions of the surtax on personal holding companies by eliminating the requirement of licensing if the business of a loan, discount or finance company is engaged in business conducted under State supervision as permitted by one or more controlling State statutes. The limitation upon the source of income of such companies was also relaxed in certain respects.

The conference amendment also broadens the scope of the exclusion provided by the House bill, but incorporates restrictive provisions which appear adequate to prevent the use of a finance company as a device for tax avoidance. The amendment does not conflict with the basic principles underlying the other exemptions granted under section 501(b) of the Internal Revenue Code.

Thus, we are presented with a series of enactments whereby (1) an exemption from personal holding company status was set up for licensed personal finance companies if such companies met the other conditions required by section 501(b)(6)(A); (2) an exemption was provided for loan or investment corporations, a substantial part of the business of which consisted of receiving funds not subject to check, if such companies met the other requirements of section 501(b)(7); and (3) an exemption was established for lending companies authorized to engage in the small loan business if such companies otherwise met the other requirements of section 501(b)(6)(B).

The issue before us resolves itself into the question of whether the specific requirements relating to licensed personal finance companies contained in section 501(b)(6)(A) preclude the application of the more general terms of section 501(b)(7) to such licensed personal finance companies. The statute does not on its face expressly supply the answer to this question. A comparison of these sections, quoted in our footnotes, *supra*, shows that the requirements of section 501(b)(7) differ quite materially from those of section 501(b)(6)(A), and are evidently designed to meet entirely different conditions.

When Congress has chosen to deal with a particular classification in a statutory section, this classification is removed from the application of the general language of that section which would cause a result contrary to application of the specific language. *State Mutual Life Assurance Co. of Worcester* v. *Commissioner*, 246 F. 2d 319, 323 (C.A. 1, 1957), affirming 27 T.C. 543 (1956), where the taxpayer sought a deduction for real estate taxes, expenses, and depreciation as an investment expense under section 201(c)(7)(B) of the Code

of 1939, and it was held that these items were specifically covered in section 201(c)(7)(C) and (D), and thus were removed from the general ambit of 201(c)(7)(B). See also *Putnam* v. *Commissioner*, 352 U.S. 82 (1956), and *D. Ginsberg & Sons* v. *Popkin*, 285 U.S. 204 (1932). In the latter case, the Supreme Court said at page 208:

General language of a statutory provision, although broad enough to include it, will not be held to apply to a matter specifically dealt with in another part of the same enactment * * *. Specific terms prevail over the general in the same or another statute which otherwise might be controlling * * *

Provisions granting exemptions from tax are to be strictly construed. *Frank Bachmura*, 32 T.C. 1117, 1126 (1959); *T. O. McCamant*, 32 T.C. 824, 834 (1959); *Peoples Finance & Thrift Co.*, 12 T.C. 1052, 1054 (1949), affirmed per curiam 184 F. 2d 837 (C.A. 5, 1950). See also *Commissioner* v. *Jacobson*, 336 U.S. 28 (1949), reversing 164 F. 2d 594 (C.A. 7, 1947), which had affirmed in part and reversed in part 6 T.C. 1048.

In view of the fact that the Congress has dealt specifically with the status of a personal finance company as a personal holding company in the detailed provisions of section 501(b)(6), we deem it contrary to the legislative intent and inconsistent with a reasonable construction of the statute to allow a licensed personal finance company which does not meet the requirements of section 501(b)(6) to receive exemption from personal holding company status under section 501(b)(7).

Since we have sustained respondent's determination on the basis of his first argument, it is unnecessary to deal with his alternative contentions.

*Decision will be entered under Rule 50.*