MARIAN ESSENFELD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 79079. Filed October 31, 1961.

*Samuel Byer, Esq.,* for the petitioner.
*Hyman Maron, Esq.,* for the respondent.

118

**OPINION.**

OPPER, *Judge:* Petitioner's sole contention is that the payments in controversy should be excluded from her taxable income as being "life insurance." To whatever extent a death benefit provision in an employment contract may be similar to a conventional policy of life insurance, see *Commissioner* v. *Treganowan,* 183 F. 2d 288 (C.A. 2, 1950), reversing 13 T.C. 159 (1949), certiorari denied 340 U.S. 853, Congress has created an unavoidable distinction between the two in their tax treatment [1] by enacting two separate subdivisions of the same section applying to each separately. See *Haynes* v. *United States,* 353 U.S. 81 (1957), footnote 4. Even if an employer's promise to make payments upon the death of an employee can be called "life insurance," see *Mary Tighe,* 33 T.C. 557, 564 (1959), it is a kind of life insurance which is separately described and singled out for special treatment.[2] And a specific statutory enactment takes precedence over one more general even if the latter might otherwise appear to govern.

---

[1] SEC. 22. GROSS INCOME.

(b) EXCLUSIONS FROM GROSS INCOME.—The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

    (1) LIFE INSURANCE, ETC.—Amounts received—

        (A) under a life insurance contract, paid by reason of the death of the insured; or

        (B) under a contract of an employer providing for the payment of such amounts to the beneficiaries of an employee, paid by reason of the death of the employee;

whether in a single sum or otherwise (but if such amounts are held by the insurer, or the employer, under an agreement to pay interest thereon, the interest payments shall be included in gross income). The aggregate of the amounts excludible under subparagraph (B) by all the beneficiaries of the employee under all such contracts of any one employer may not exceed $5,000.

[2] This is not to say that we agree with petitioner that by any stretch of the statute the employment contract under which the payments were made was life insurance. As to petitioner's husband, there was no "risk sharing" by the employer, who would have to be considered the insurer. In the husband's case, the entire risk was transmitted to the

It is an old and familiar rule that, "where there is, in the same statute, a particular enactment, and also a general one, which, in its most comprehensive sense, would include what is embraced in the former, the particular enactment must be operative, and the general enactment must be taken to affect only such cases within its general language as are not within the provisions of the particular enactment." * * * [*United States* v. *Chase*, 135 U.S. 255, 260 (1890).] *Ginsberg & Sons* v. *Popkin*, 285 U.S. 204 (1932); *Liberty Finance Service, Inc.*, 34 T.C. 682, 687 (1960).

That the distinction so created was not accidental appears from the legislative history. Prior to 1951 there was no express provision dealing with the kind of payment involved here. In that year section 22(b)(1)(B) was added to the 1939 Code. Its purpose was to make clear that the kind of payment here in issue would be assimilated to life insurance, but only to a limited extent, and not beyond the relief respondent has already accorded to petitioner.

Section 22(b)(1) of the code excludes from gross income amounts received under a life-insurance contract paid by reason of the death of the insured, whether in a single sum or otherwise. However, by its terms, this provision is limited to life-insurance payments, and the exclusion does not extend to death benefits paid by an employer by reason of the death of an employee. In order to correct this hardship, section 302 of your committee's bill excludes from gross income death benefits not in excess of $5,000 paid by any one employer with respect to any single employee's beneficiary or beneficiaries in accordance with a preexisting contract. The limitation of the exclusion to payments not in excess of $5,000 will prevent abuses under this new provision. [S. Rept. No. 781, 82d Cong., 1st Sess., p. 50 (1951).]

There may, of course, be situations where the earlier, rather than the later enactment would govern, as where the employee is in fact the beneficial owner of a policy nominally designating the employer as the insured. *Rhodes* v. *Gray*, 175 F. Supp. 208 (W.D. Ky. 1959). But here the policy on the employee's life was clearly the property of the employer. Its amount was greater than what was paid, or payable, to the employee and the balance was retained by the employer; the other employees, when they came to acquire similar policies applying to them, were required to pay the employer for them; the employer was the designated beneficiary and paid the premiums and there is no suggestion that the employee was ever considered as being required to include any portion of the premiums as part of his compensation. See *Oreste Casale*, 26 T.C. 1020 (1956), revd. 247 F. 2d 440 (1957).

---

life insurance company. Petitioner's argument can be summed up by the following quotation from her brief. "But, even if it be decided that the risk was not distributed to insurance companies by way of insurance policies, it is submitted that this conclusion is not fatal to the petitioner's case. Paragraph 4 would still be an insurance contract with the corporation the insurer, David Essenfeld the insured, and the petitioner the beneficiary. *The only difference would be that the risk would be distributed ultimately to the other stockholders * * *"* (Emphasis added.) Such a contention would be available in most employee cases and section 22(b)(1)(B) would become a dead letter.

124

It seems clear that these payments were made to petitioner under the contract by which her husband was employed. They take the place of benefits which the employee would, and undoubtedly expected to, receive as compensation had he lived. As such they are not life insurance, nor indeed, as respondent now concedes, in any other way a part of the husband's taxable estate, but are "income in respect of a decedent" taxable to petitioner under section 126(a)(1)(B) of the 1939 Code. Petitioner refers us to no authority to the contrary.

To take account of adjustments for deductions now conceded by respondent,

*Decision will be entered under Rule 50.*